No. 46,354

STATE OF KANSAS, *Appellant,* v. CLINTON WALDEN, a/k/a CLINT STOUT, a/k/a CLINTON STOUT, *Appellee.*

(490 P. 2d 370)

Opinion filed November 6, 1971.

*Robert G. Frey,* County Attorney, argued the cause and *Vern Miller,* Attorney General, was with him on the brief for the appellant.

*James M. Morain,* of the firm of Vance, Hobble, Neubauer, Nordling and Sharp, of Liberal, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

KAUL, J.: The question presented in this State appeal is whether section 21-3708 of our New Criminal Code (K. S. A. 1970 Supp.) entitled "Habitually giving worthless checks" is a form of an Habitual Criminal Act or a declaration of a distinct and separate criminal offense.

Defendant was charged with two violations of the statute in two counts of an information filed on August 14, 1970. The information reads in full as follows:

"COUNT I

"I, Robert G. Frey, the undersigned, County Attorney of said County, in the name, by the authority, and on behalf of the State of Kansas, come now here and give the Court to understand and be informed that on the 5th day of July, A. D., 1970, in said County of Seward and State of Kansas, one Clint Walden a/k/a Clint Stout a/k/a Clinton Stout did then and there unlawfully, feloniously, and willfully give a worthless check as defined by K. S. A. 21-3707, in the sum of $20.00 the said Clint Walden having been twice convicted of giving a worthless check on the 23rd day of May, 1970, in the County of Seward, State of Kansas, and on the 20th day of June, 1970, in the County of Seward, State of Kansas, both of said convictions having occurred within two (2) years immediately preceding the giving of said worthless check alleged above, which check is as follows:

Payee and endorsed: KT Oil Company

Dated: July 5, 1970.
Drawn upon: First National Bank, Liberal, Kansas
Signed: Clint Stout
Returned: No account
Amount: $20.00
In violation of K. S. A. 21-3708, penalty section 21-4501(d).

### "COUNT II

"That, on or about the 19th day of July, 1970, said Clint Walden did then and there unlawfully, willfully and feloniously give a worthless check as defined by K. S. A. 21-3707, in the sum of $30.00, the said Clint Walden having been twice convicted of giving a worthless check on the 23rd day of May, 1970, in the County of Seward, State of Kansas, and on the 20th day of June, 1970, in the County of Seward, State of Kansas, both of said convictions having occurred within two (2) years immediately preceding the giving of said worthless check alleged above, which said check is as follows:

Payee and endorsed: KT Oil Company
Dated: July 19, 1970
Drawn upon: First National Bank, Liberal, Kansas
Signed: Clint Stout
Returned: No account
Amount: $30.00.
In violation of K. S. A. 21-3708, penalty section 21-4501 (d).

"Seward County Attorney
"s/Robert G. Frey

"Filed August 14, 1970."

On August 21, 1970, the parties appeared before the district court. Defendant made an oral motion to dismiss. The motion was set for hearing on September 4, 1970, when it was sustained. This appeal by the State ensued.

K. S. A. 1970 Supp. 21-3708 reads:

"(1) Habitually giving worthless checks is:

"(a) Giving a worthless check, as defined by section 21-3707, drawn for less than fifty dollars ($50), by a person who has within two (2) years immediately preceding the giving of such worthless check, been twice convicted of giving worthless checks; or

"(b) Giving two (2) or more worthless checks, as defined by section 21-3707, each drawn for less than fifty dollars ($50), where the total amount for which such worthless checks are drawn is fifty dollars ($50) or more and each of such checks were given on the same day.

"(2) A complaint, information or indictment charging a violation of subsection (1) (a) shall allege specifically that the defendant has twice been convicted of giving a worthless check and shall allege the dates and places of such convictions and that both of them occurred within a period of two (2) years immediately preceding the crime charged. For the purpose of subsection (1) (b) worthless checks bearing the same date shall be presumed to have been given the same day. Any complaint, information or indictment

charging a violation of this section shall allege that the defendant feloniously committed the crime.

"(3) Habitually giving worthless checks is a class D felony."

Defendant contended before the district court that 21-3708 is in fact an habitual criminal statute designed and intended to authorize an increased punishment only after a showing of two separate offenses and convictions in such chronological order that the defendant has had two prior chances to profit from his experiences and reform.

In order to establish his position defendant prevailed upon the district court to notice records showing the chronological sequence of defendant's prior offenses and convictions. Since the records concerned were extraneous to the information, the State makes a point in its brief that a motion to dismiss for insufficiency of the information must be based upon some defect apparent on the face of the information. On oral argument, however, the State abandoned this collateral point and requested a determination of the root question.

The chronology of defendant's prior offenses and convictions, about which there is no dispute, are set out in the trial court's findings as follows:

"That the Defendant signed an insufficient funds check dated April 2, 1970, and was convicted on May 23, 1970.

"That the Defendant signed an insufficient funds check on May 13, 1970, and was convicted on June 30, 1970.

"That the commission-conviction on the check signed April 2, 1970, did not occur prior to the commission and conviction of the check signed May 13, 1970.

"The Court finds the conviction on the check signed April 2, 1970, followed the commission of the check signed May 13, 1970, but prior to the conviction of the check signed May 13, 1970."

Even though the two checks referred to in the court's findings were given and convictions had in each instance prior to defendant's alleged giving of the checks for which he is charged herein, defendant claims the two previous convictions do not meet the requirements of the statute because the conviction on May 23, 1970, for giving the check on April 2, 1970, did not occur until after defendant had given the second check on May 13, 1970.

Defendant develops his theory by first treating 21-3708 as an habitual criminal act and then applying the pronouncements of this court concerning the purpose and operation thereof in *State v. Gauger*, 200 Kan. 563, 438 P. 2d 463; *State v. Felton*, 194 Kan. 501,

399 P. 2d 817; and *State v. Ricks*, 173 Kan. 660, 250 P. 2d 773. The cases mentioned declare that prior convictions relied on to enhance the punishment as authorized by the habitual criminal act must precede the commission of the principal offense. The valid reasons for the rule are fully set forth in the opinions noted. The trouble encountered by defendant in attempting to apply his theory to the statute in question is that it does not merely provide for the enhancement of punishment in the case of proven prior convictions; it defines in plain and unambiguous language the elements of a separate and distinct offense and declares it to be a class D felony.

Habitual criminal acts do not involve a charge of a commission of a criminal offense; they involve a status rather than the commission of a separate offense. ( 39 Am. Jur. 2d, Habitual Criminals, Etc., § 2, pp. 308-310; *State ex rel. Ringer v. Boles*, 151 W. Va. 864, 157 S. E. 2d 554.)

The clear import of K. S. A. 1970 Supp. 21-3708 is to define the elements of a separate offense which may be committed under subsection (1) (*a*) by giving a worthless check within two years after two prior convictions or under subsection (1) (*b*) by giving two or more worthless checks on the same day. Subsection (2) specifies the allegations necessary to charge a violation of the act and sets forth a presumption with respect to subsection (1) (*b*). Subsection (3) declares the offense to be a class D felony.

There is no mention of sequence in the provisions of subsection (1) (*a*), nor are there any requirements concerning either sequence or convictions in subsection (1) (*b*). An examination of the statute in its entirety clearly reveals the intendments to define a separate and distinct offense based upon the elements of giving checks in the manner and under the circumstances described in subsections (1) (*a*) or (1) (*b*).

In reaching the conclusions just announced we have not overlooked the familiar rule that ordinarily criminal statutes are to be strictly construed. The rule of strict construction, however, does not permit or justify a disregard of manifest legislative intention appearing from plain and unambiguous language used in the statute under consideration. (*State v. McGaugh*, 180 Kan. 850, 308 P. 2d 85; and *State v. Brown*, 173 Kan. 166, 244 P. 2d 1190.) A penal statute should not be so read as to add that which is not found therein or to read out what as a matter of ordinary English

language is in it. (*State, ex rel.,* v. *American Savings Stamp Co.,* 194 Kan. 297, 398 P. 2d 1011.)

The judgment of the trial court is reversed with directions to proceed with the trial of the case.