248

No. 47,104

GENE JONES, *Appellant*, v. STATE OF KANSAS, *Appellee*.

(515 P. 2d 745)

Opinion filed November 3, 1973.

*Barry K. Gunderson*, of Dodge City, was on the brief for the appellant.
*John E. Fierro*, county attorney, was on the brief for the appellee.

*Per Curiam:* This is an appeal by petitioner, Gene Jones, from an order denying postconviction relief under K. S. A. 60-1507.

In October, 1968, appellant was convicted of the offense of statutory rape and sentenced. Upon direct appeal this judgment was affirmed (*State v. Jones*, 204 Kan. 719, 466 P. 2d 283). Thereafter this proceeding was instituted and appeal was perfected from denial of relief.

Of the four specifications now asserted as error, three were considered by this court and decided adversely to appellant upon his direct appeal (lack of jurisdiction in the trial court to try appellant; that the allegation in the information was too indefinite as to the time of the commission of the alleged offense, and that the prosecution should not have been allowed to proceed to trial upon an amended information). The postconviction remedy provided by 60-1507 cannot be used as a second appeal to reexamine questions raised and determined adversely to a defendant upon his direct appeal (*Cipolla v. State*, 207 Kan. 822, 486 P. 2d 1391).

Appellant's remaining specification of error is that in the direct appeal from his conviction the trial court wrongfully denied his request to change his court-appointed counsel. This complaint was never presented to the trial court in the instant proceeding and error predicated on the ruling is not now properly reviewable (*State v. Smith*, 209 Kan. 664, 498 P. 2d 78). If it were, relief could not be afforded upon this ground inasmuch as the matter was within the discretion of the trial court and abuse of that discretion is not shown (*State v. Walker*, 202 Kan. 475, 449 P. 2d 515). Moreover, appellant concedes in his brief that he was adequately represented by the counsel complained of.

The judgment is affirmed.