No. 47,337

STATE OF KANSAS, *Appellee*, v. RICHARD L. JONES, *Appellant*.

(521 P. 2d 278)

Opinion filed April 6, 1974.

*E. Dexter Galloway*, of Hutchinson, argued the cause and was on the brief for appellant.

*Richard L. Hathaway*, assistant county attorney, argued the cause, and *Vern Miller*, attorney general and *Porter K. Brown*, county attorney, were with him on the brief for appellee.

The opinion of the court was delivered by

FATZER, C. J.: The defendant, Richard L. Jones, was convicted of driving with a suspended driver's license in violation of K. S. A. 1973 Supp. 8-262 (*a*), and sentenced as a felon to confinement for not less than one nor more than five years.

The defendant was first convicted for driving with a suspended license on March 30, 1971. The statute then in effect was K. S. A. 1970 Supp. 8-262 which provided in part:

"(*a*) Any person who drives a motor vehicle on any public highway of this state at a time when his privilege so to do is canceled, suspended or revoked shall be guilty of a misdemeanor and upon conviction shall be punished by imprisonment for not more than six (6) months and there may be imposed in addition thereto a fine of not more than five hundred dollars ($500). . . ." (L. 1970, Ch. 52, § 1.)

The 1972 Legislature amended the above law, effective March 31, 1972, which presently is K. S. A. 1973 Supp. 8-262 (*a*), and reads in part:

"Any person who drives a motor vehicle on any public highway of this state at a time when his privilege so to do is canceled, suspended or revoked shall be guilty of a class B misdemeanor on the first conviction, a class A misdemeanor on the second conviction and for third and subsequent convictions shall be guilty of a class E felony. . . ."

On October 16, 1972, Jones was convicted a second time for driving with a suspended license, and was apprehended a third time for the same offense on December 23, 1972. At his trial for the third offense, defendant stipulated to his two prior convictions and that on December 23, 1973, he was driving a motor vehicle while his license was suspended. As indicated, he was convicted and sentenced as a felon pursuant to K. S. A. 1973 Supp. 8-262 (*a*).

The controlling question is whether our statute (K. S. A. 1973 Supp. 8-262 [*a*]) is a form of an Habitual Criminal Act, or a declaration of a distinct and separate criminal offense. The defendant argues the statute defines a separate and distinct criminal offense, and relies upon our decision in *State v. Walden*, 208 Kan. 163, 490 P. 2d 370. The point is not well taken.

In *Walden* the defendant contended K. S. A. 1970 Supp. 21-3708, entitled "Habitually giving worthless checks," was an habitual criminal statute because the statute authorized increased punishment after showing prior convictions. Finding the contention without merit, this court said:

". . . [T]he statute in question . . . does not merely provide for the enhancement of punishment in the case of proven prior convictions; it defines in plain and unambiguous language the elements of a separate and distinct offense and declares it to be a class D felony.

"Habitual criminal acts do not involve a charge of commission of a criminal offense; they involve a status rather than the commission of a separate offense. (39 Am. Jur. 2d, Habitual Criminals, Etc., § 2, pp. 308-310; *State ex rel. Ringer v. Boles*, 151 W. Va. 864, 157 S. E. 2d 554.)

"The clear import of K. S. A. 1970 Supp. 21-3708 is to define the elements of a separate offense which may be committed under subsection (1) (*a*) by giving a worthless check within two years after two prior convictions or under subsection (1) (*b*) by giving two or more worthless checks on the same day. Subsection (2) specifies the allegations necessary to charge a violation of the act and sets forth a presumption with respect to subsection (1) (*b*). Subsection (3) declares the offense to be a class D felony.

"There is no mention of sequence in the provisions of subsection (1) (*a*), nor are there any requirements concerning either sequence or convictions in

subsection (1) (*b*). An examination of the statute in its entirety clearly reveals the intendments to define a separate and distinct offense based upon the elements of giving checks in the manner and under the circumstances described in subsections (1) (*a*) or (1) (*b*)." (1. c. 166.)

The Legislature has the power to define and prescribe punishment for criminal offenses. (*State v. Latham & York*, 190 Kan. 411, 422, 375 P. 2d 788.) The plain and unambiguous language used in K. S. A. 1973 Supp. 8-262 (*a*) requires the state prove the person charged has driven a motor vehicle on a public highway, and has done so when his privilege to operate a motor vehicle was canceled, suspended or revoked. A showing of prior convictions goes only to the question of defendant's status. The prior conviction or convictions gives the defendant a classification, and the statute prescribes sequentially increased punishment for repeated offenders. A repeating offender is not punished for the prior offense or offenses, but the Legislature has declared that repeated violations justify the enhanced penalty. (*State v. Parise*, 117 Kan. 106, 230 Pac. 304; *Cochran v. Simpson*, 143 Kan. 273, 53 P. 2d 502; *State v. Ricks*, 173 Kan. 660, 250 P. 2d 773; *State v. Wilson*, 198 Kan. 532, 426 P. 2d 288; *State v. Walden*, supra.) K. S. A. 1973 Supp. 8-262 (*a*) is a self-contained, specific habitual criminal statute.

Defendant next contends the retrospective application of K. S. A. 1973 Supp. 8-262 (*a*) renders it an ex post facto law, and denies him equal protection and due process of law. The contention does not require extended discussion. The recidivist statute in question is neither unconstitutional as an ex post facto law nor denies defendant equal protection or due process of the law. (*State v. Woodman*, 127 Kan. 166, 272 Pac. 132; *Thompson v. State*, 195 Kan. 318, 403 P. 2d 1009; *Fairbanks v. State*, 196 Kan. 650, 413 P. 2d 985; 2 Hatcher's Digest [rev. ed.], Criminal Law, § 359, p. 259; Anno: Increased Penalty-Prior Offense, 139 A. L. R. 673, Supp. Anno. in 58 A. L. R. 20, 82 A. L. R. 345, 116 A. L. R. 209 and 132 A. L. R. 91.)

Comments in defendant's brief regarding matters not presented to, nor determined by, the district court will not be considered by this court on appeal. (*Jones v. State*, 213 Kan. 248, 515 P. 2d 745.) An issue will not be considered upon appeal where its existence depends upon facts which do not appear in the record on appeal. (*State v. Brothers*, 212 Kan. 187, 510 P. 2d 608.)

We have carefully examined the record and find no error was committed by the district court.

The judgment is affirmed.