No. 48,315

STATE OF KANSAS, *Appellee*, v. ERMON LOUDERMILK a/k/a HERMAN LOUDERMILK, *Appellant*.

(557 P. 2d 1229)

Opinion filed December 11, 1976.

*John E. Pyles,* of Wichita, argued the cause and was on the brief for the appellant.

*Christopher A. Randall,* assistant district attorney, argued the cause, and *Curt T. Schneider,* attorney general, *Keith Sanborn,* district attorney, and *Stephen E. Robison,* assistant district attorney, were on the brief for the appellee.

The opinion of the court was delivered by

MILLER, J.: Ermon Loudermilk appeals from his second conviction of possession of heroin, a class B felony under K. S. A. 1975 Supp. 65-4127a, and from a sentence of imprisonment for not less than five years nor more than life, imposed pursuant to K. S. A. 21-4501 (*b*). He raises numerous points of law, but does not question the sufficiency of the evidence to sustain the verdict. A statement of the facts is not necessary.

Defendant's first challenge to the proceedings below is his contention that the prior conviction should not have been charged in the information and evidence of it should not have been admitted before the jury; instead, he claims that he should have been charged with simple possession of heroin and upon his conviction, evidence of the prior conviction could then have been considered by the

judge in determining the classification of the offense and the punishment to be imposed.

K. S. A. 1975 Supp. 65-4127a provides in substance that:

". . . [I]t shall be unlawful for any person to . . . possess . . . any opiates . . . or narcotic drugs. Any person who violates this section shall be guilty of a class C felony, except that, upon conviction for the second offense, such person shall be guilty of a class B felony . . ."

Heroin, an opium derivative, is by definition a narcotic drug.

The information charges that in Sedgwick County, Kansas, and on or about August 18, 1974, Ermon Loudermilk "did then and there unlawfully, wilfully possess heroin . . . after having previously been convicted of possession of heroin on May 3, 1971 in Division No. 6 of the Sedgwick County, Kansas, District Court . . ."

The defendant did not challenge the information before trial. K. S. A. 22-3208 (3) provides that:

". . . [O]bjections based on defects in the . . . information . . . other than that it fails to show jurisdiction in the court or to charge a crime may be raised *only by motion before trial.* . . ." (Emphasis supplied.)

Defendant does not now raise any question as to jurisdiction nor does he contend that the information fails to charge a crime. He contends, instead, that the reference in the information to his prior conviction is surplusage and wholly unnecessary. We disagree.

The purpose of an information is "not only to give the court jurisdiction, but also to inform accused of what offense he is charged, so as to enable him to prepare his defense." 42 C. J. S. Indictments and Informations, § 11, p. 851. It is the jurisdictional instrument upon which the accused stands trial. Conviction of an offense not charged in the information is a denial of due process under the Fourteenth Amendment. *State v. Minor*, 197 Kan. 296, 416 P. 2d 724.

Section 10 of the Bill of Rights of the Kansas Constitution provides that:

"In all prosecutions, the accused shall be allowed . . . to demand the nature and cause of the accusation against him . . ."

Almost 100 years ago Chief Justice Horton of this court, in discussing that section, said that a defendant cannot be charged in the information with one offense, and be convicted of another and different offense. *State v. Behee*, 17 Kan. 402. The language of § 10 is similar to language contained in the Sixth Amendment to the Constitution of the United States, applicable to prosecutions under federal law,

which gives the accused the right "to be informed of the nature and cause of the accusation." *State v. Hill,* 189 Kan. 403, 369 P. 2d 365, 91 ALR 2d 750.

The federal courts have held that under the language of the Sixth Amendment and under the due process clause of the Fourteenth Amendment, an indictment or information must be drawn with sufficient clearness and completeness to show a violation of law, to enable the accused to know the nature and cause of the charge against him and to enable him to make out his defense. *Carter v. United States,* 173 F. 2d 684 (10th Cir. 1949) cert. den. 337 U. S. 946, 93 L. Ed. 1749, 69 S. Ct. 1503; and see *Wilkinson v. Haynes,* 327 F. Supp. 967 (W. D. Mo. 1971).

Turning to the case at hand, we think the defendant was entitled to know, and to be specifically advised by the information of the specific offense with which he was charged and the seriousness thereof, including the class of felony of which he stood accused. The information before us recited the prior conviction in detail, and noted that the offense charged was a class B felony. This gave the defendant proper notice of the charge.

We recognize a distinction between crimes in which a prior conviction of a felony is a necessary element, and crimes in which a prior conviction of the same crime is considered in establishing the class of felony or the penalty to be imposed. The present habitual criminal act, K. S. A. 21-4504, is a legislative expression of that distinction. Subsection (5) of that statute provides as follows:

"(5) The provisions of this section shall not be applicable to: (*a*) Any person convicted of a crime for which the punishment is confinement in the custody of the director of penal institutions and *where a prior conviction of a felony is a necessary element of such crime;* or (*b*) any person convicted of a felony for which the punishment is confinement in the custody of the director of penal institutions and *where a prior conviction of such felony is considered in establishing the class of felony for which such person may be sentenced."* (Emphasis supplied.)

The criminal code contains numerous examples of these two types of crimes. Crimes in which the prior conviction of felony is a necessary *element* include habitually giving worthless checks (K. S. A. 21-3708), aggravated weapons violation (K. S. A. 21-4202), unlawful possession of a firearm (K. S. A. 21-4204), and habitually promoting prostitution (K. S. A. 21-3514). This court has on numerous occasions declared that in a prosecution under K. S. A. 21-4204 evidence of the prior felony is a necessary element of the

crime. (*State v. Farris,* 218 Kan. 136, 139, 542 P. 2d 725; *State v. Knowles,* 209 Kan. 676, 498 P. 2d 40.) We have also held that the same is true with regard to prosecutions under K. S. A. 21-3708. (*State v. Walden,* 208 Kan. 163, 490 P. 2d 370.) It is important to note that in each case where a prior conviction of felony is a necessary element of the crime, the fact of prior conviction is contained in the *statutory definition of the crime* rather than in the *penalty section* of the statute.

On the other hand, the legislature has created the following crimes under which a previous conviction is not an element of the substantive crime but *serves only to enhance punishment:* Driving while license canceled (K. S. A. 8-262); reckless driving (K. S. A. 8-1566); driving while under the influence of intoxicating liquor or drugs (K. S. A. 8-1567); theft of telecommunications services (K. S. A. 21-3745); promoting obscenity (K. S. A. 21-4301 and 21-4301a); possession of narcotics (K. S. A. 1975 Supp. 65-4127a); and possession of marijuana (K. S. A. 1975 Supp. 65-4127b). In each of these statutes the fact of prior conviction is *not* contained in the statutory definition of the crime but is contained *only* in the penalty provisions of the statute. It is in this class that the heroin possession statute properly falls.

The distinction between these two types of statutory crimes was made clear by this court in *State v. Jones,* 214 Kan. 568, 521 P. 2d 278. The statute there involved was K. S. A. 1973 Supp. 8-262 (*a*) which reads in part:

"Any person who drives a motor vehicle on any public highway of this state at a time when his privilege so to do is canceled, suspended or revoked shall be guilty of a class B misdemeanor on the first conviction, a class A misdemeanor on the second conviction and for third and subsequent convictions shall be guilty of a class E felony. . . ."

Chief Justice Fatzer, speaking for the court, said:

"The Legislature has the power to define and prescribe punishment for criminal offenses. . . . The plain and unambiguous language used in K. S. A. 1973 Supp. 8-262 (*a*) requires the state prove the person charged has driven a motor vehicle on a public highway, and has done so when his privilege to operate a motor vehicle was canceled, suspended or revoked. A showing of prior convictions goes only to the question of defendant's status. The prior conviction or convictions gives the defendant a classification, and the statute prescribes sequentially increased punishment for repeated offenders. A repeating offender is not punished for the prior offense or offenses, but the Legislature has declared that repeated violations justify the enhanced penalty. . . . K. S. A. 1973 Supp. 8-262 (*a*) is a *self-contained, specific habitual criminal statute.*" (p. 570.)

A comparison of the statute involved in *Jones* with that before us in this case leads to the conclusion that K. S. A. 1975 Supp. 65-4127a is also a self-contained habitual criminal act. In a prosecution pursuant to this statute, the state is concerned only with proving that the defendant had possession of a substance prohibited by the uniform controlled substances act. Prior convictions under this statute are not elements of the offense charged, and are pertinent only to the *sentence* which shall be rendered in the event of a conviction. The state is not obliged to prove the prior conviction during the presentation of its evidence before the jury; evidence of the prior conviction should be presented to the court after conviction in the same manner as such evidence is presented when the habitual criminal act, K. S. A. 21-4504, is invoked.

We turn now to the record before us. The state offered in evidence as exhibit No. 6 a certified copy of the journal entry of defendant's prior conviction. No objection was interposed by the defendant and the exhibit was received and admitted into evidence. In view of our contemporaneous objection rule, K. S. A. 60-404, the admission of that evidence does not constitute error.

Defendant contends that it was error for the trial court to amend instruction No. 8 in open court, thus pointing out the fact that defendant had been convicted previously of possession of heroin. Instruction No. 8 was the "elements" instruction. As originally written and given to the jury, it did not contain any mention of the previous conviction.

Immediately following the giving of the instructions, before oral argument and before the jury retired to deliberate upon its verdict, a bench conference was held. Counsel for the state requested the court to include as an element in instruction No. 8, that defendant had previously been convicted of possession of heroin. Defendant objected only to the *timeliness* of the change, contending that it would emphasize the fact of the prior conviction. He made no objection to the *substance* of the requested change. The court then inserted in instruction No. 8 an additional line, numbered No. 3, so that the pertinent part of the instruction as given reads:

"To establish this charge each of the following claims must be proved:

"1. That the defendant possessed a narcotic drug known as heroin;

"2. That he did so willfully;

"3. That the defendant has previously been convicted of possession of heroin; and

"4. That he did so on or about the 18th day of August, 1974 . . . in . . . Sedgwick County, Kansas."

The judge then advised the jury that he had made an addition to instruction No. 8 and he read the revised instruction to the jury, telling them that he was rereading it only because he had made a change in it, and not for the purpose of emphasizing the instruction.

K. S. A. 22-3414 (3) requires the court to instruct the jury at the close of the evidence and before argument. The statute further provides:

"No party may assign as error the giving or failure to give an instruction unless he objects thereto before the jury retires to consider its verdict stating distinctly the matter to which he objects and the grounds of his objection unless the instruction is clearly erroneous. Opportunity shall be given to make the objections out of the hearing of the jury."

The instruction as given did not unduly emphasize defendant's prior conviction. It merely required the jury to make an additional and unnecessary finding, about which there was no dispute in the evidence. The amendment was timely and in light of the then state of the record, and the overwhelming evidence of guilt, was not clearly erroneous. We find no error.

Defendant next contends that the trial court erred in failing to grant a continuance in order to allow the defense additional time to prepare the case for trial and to locate possible defense witnesses thought to be in Colorado and California.

The record indicates that the defendant failed to appear before the court in early January and his bond was forfeited. The state was unable to locate him until he was again taken into custody about the middle of March. At that time new counsel was appointed for him, an April trial date was fixed, and defendant was again released on bond. Apparently he made no attempt to locate the witnesses. Appointed counsel made numerous futile attempts to contact the defendant, but defendant did not respond and did not go to his attorney's office to confer with him until two days before the matter was set for trial. The granting of a continuance lies within the sound discretion of the trial court and its refusal to grant a continuance will not be overturned in the absence of a clear abuse of discretion. *State v. Cameron & Bentley*, 216 Kan. 644, 533 P. 2d 1255. The trial court did not abuse its discretion.

Defendant's next contention is that the trial court erred in permitting a detective to testify that he observed what he believed were

"needle marks" on defendant's arms and that in his opinion some of the marks were "fresh tracks." The witness had no medical training but testified that he had read material provided to law enforcement officers by the Bureau of Narcotics and Dangerous Drugs. He had worked many heroin cases, had been an undercover agent for two years, and had observed similar marks on the arms of forty to fifty people. He admitted, on cross-examination, that he could not say the marks were made by heroin injections, and that they could have been made when blood was donated, or insulin was taken, or otherwise.

K. S. A. 60-456 provides for the admission of expert and opinion testimony. We have held that a witness must show himself to be skilled or experienced in the area to which his testimony relates and that such skill or experience may be acquired through practical experience as well as through formal training, study or research. *Grohusky v. Atlas Assurance Co.,* 195 Kan. 626, 630, 408 P. 2d 697. The trial court has discretion to determine the qualification of the witness and the admissibility of his testimony. To reverse the trial court on the admission of expert testimony, an abuse of discretion must be found. *State v. McClain,* 216 Kan. 602, 606, 533 P. 2d 1277. Here the witness testified to what he observed and little more. Whether a small wound is a cut or a puncture, and whether it is old or new, would not appear highly technical. Be that as it may, the witness had some experience and training in the area about which he was testifying and we cannot say that the trial court abused its discretion in the admission of the testimony.

Defendant next contends that when the court reporter read the testimony of the defendant to the jury, the reading was unintelligible and the reporter mistakenly read a portion of an *in camera* hearing before the trial judge. The jury requested that certain of the defendant's testimony be read back to them during their deliberations. This was done. We are not informed as to why the testimony was "unintelligible," except that the court observed that the defendant frequently commenced speaking before the question was completed, thus making the transcription difficult. With reference to the *in camera* material, read by the reporter to the jury, we have only the finding of the trial court that this material was preliminary and the disclosure thereof was harmless. Defendant has not specified, in the record on appeal, the *in camera* testimony read by the reporter nor has he specified in the record or the briefs any particulars as to the alleged "unintelligible" reading. The burden

is upon the appellant to demonstrate error. An issue will not be considered on appeal where its existence depends upon facts which do not appear in the record. *State v. Jones,* 214 Kan. 568, 570, 521 P. 2d 278. Appellant made no effort to provide a secondary record as provided in Supreme Court Rule 6 (*m*) (214 Kan. xxv), nor does he designate any portion of the record before us as that portion of the *in camera* hearing which was read by the reporter to the jury. Under these circumstances we cannot review this issue.

Finally, defendant contends that "possession" was inadequately defined in the court's instructions. The court utilized the definition given in PIK Criminal 53.00. Although this definition was criticized in *State v. Neal,* 215 Kan. 737, 529 P. 2d 114, a firearms case, the facts and issues here are substantially distinguishable and we do not believe the jury was misled.

The judgment of the court below is affirmed.