NOT DESIGNATED FOR PUBLICATION

No. 119,260

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KIM ALAN HIGBEE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Greenwood District Court; JANETTE L. SATTERFIELD, judge. Opinion filed December 13, 2019. Affirmed.

*Rick Kittel*, of Kansas Appellate Defender Office, for appellant.

*Kurtis Wiard*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., LEBEN and SCHROEDER, JJ.

PER CURIAM: Kim Alan Higbee appeals his convictions and sentences for felony possession of controlled substances by raising two issues.

First, he argues that the prosecutor improperly commented on his post-arrest silence. But the rule he cites applies only when the prosecutor comments after *Miranda* warnings have been given, and there's no indication in the record here that Higbee got *Miranda* warnings.

Second, he argues that the prior conviction that the State cited to trigger enhanced sentencing of his drug-possession convictions as felonies couldn't appropriately be used

1

for that purpose. But two of Higbee's other past convictions could have been used, and he doesn't dispute the validity of those convictions. Higbee also argues that his criminal-history score was miscalculated, but we find no error.

FACTUAL AND PROCEDURAL BACKGROUND

Higbee was driving a four-wheeler on a public road around 1 a.m. when Deputy Michael Cordell pulled him over. Higbee's driver's license had been suspended, a fact known to Cordell at that time. Cordell arrested Higbee for driving while suspended and searched him.

The search produced two relevant items: a coin purse and a small grey bag. Cordell found the coin purse in Higbee's pants pocket. The purse contained four white pills that would later be identified as tramadol. When Cordell asked what the white pills were, Higbee said he didn't know. Cordell also picked up a small grey bag from the ground that had been in Higbee's pants pocket. The bag contained three and a half yellow pills that would later be identified as alprazolam. Tramadol and alprazolam are both controlled substances. K.S.A. 2016 Supp. 65-4111(b)(1), (54).

The State charged Higbee with four offenses related to the four-wheeler incident: two counts of possession of a controlled substance, one count of possession of drug paraphernalia, and one count of driving while suspended. The initial complaint listed the controlled-substance offenses as class A nonperson misdemeanors. But those offenses can be felony offenses if the defendant has a prior conviction for possession of certain controlled substances listed in K.S.A. 2016 Supp. 21-5706(c)(2)(B). The State later amended the complaint, relisting the controlled-substance charges as felony offenses based on one of Higbee's prior convictions, "GW CO case number 2016 CR 36." The presentence report later revealed that Higbee's conviction in 2016 CR 36 was for possession of methamphetamine.

2

*The Trial*

Higbee had a jury trial on all four of his charges. Before the presentation of evidence, Higbee's attorney said that he "will be stipulating to the prior as it pertains to the controlled substance charges." The court agreed that the prior controlled-substance conviction (which made the current offense, if proved, a felony) didn't need to be presented in evidence. The court said "[t]hat will be a legal finding for me as far as sentencing is concerned and . . . won't be a matter for trial today."

The State called two witnesses: Cordell and Patrick Porubsky, the forensic scientist who performed chemical tests on the pills in Higbee's pockets. Cordell testified to the details of Higbee's arrest we've already described.

Higbee also testified, offering a "not my pants" defense. Higbee said that he woke up in the middle of the night after having nightmares because he suffers from posttraumatic stress disorder. Wanting to get outside as quickly as possible, Higbee said he went into his brother's room where he kept his clothes and grabbed a pair of pants from the floor without turning on the lights. Higbee put on the pants, went outside, got on the four-wheeler, and drove off. Higbee was arrested 10 or 15 minutes later.

Higbee testified that he didn't feel the coin purse or bag in his pockets until Cordell removed them during the search. Higbee said he didn't know what was in the pants pocket because the pants were not his. He said the pants could have been his brother's or his brother's girlfriend's, but he could not be sure. And he testified that he never carries items in his pockets; he simply put on the pants in a hurry so he could leave the trailer and calm down after having nightmares.

3

On cross-examination, the prosecutor pressed Higbee on his pants defense. The prosecutor emphasized that Higbee didn't tell the deputy sheriff at the scene that the pants weren't his:

"Q. At any point, Mr. Higbee, did you tell the officer, either Deputy Cordell, the sheriff, the undersheriff, anybody with law enforcement, these weren't your pants?

"A. Nobody asked.

"Q. So that—

"A. There wasn't really no conversation whatsoever at the scene.

"Q. So is your answer no, you never told anybody they weren't your pants?

"A. I don't recall."

During closing arguments, the prosecutor emphasized that point again:

"And, you know, he indicates says, well, I don't know what those things are, in regards to when the officer shows him the tramadol pills. But the defendant doesn't say anything about these aren't my pants, this isn't my stuff. Not until today. You get to use your common experience in regards to what people would do or not do in that regard. And why there are—their motives behind it."

Higbee's counsel did not object to the prosecutor's comments during cross-examination or closing argument about Higbee not telling Cordell that the pants were not his.

The jury found Higbee guilty on all four counts.

*Sentencing*

Higbee's presentence report listed his criminal-history score as C on our scale from A (the worst criminal-history score) to I (for a defendant with little to no past convictions). The criminal-history worksheet listed 18 prior convictions, including one person felony and three nonperson felonies. One of the convictions came in case 2016

4

CR 36, the one cited in the amended complaint, for unlawful possession of methamphetamine. At the time, no one noticed that a conviction for possession of methamphetamine was *not* one of the qualifying convictions that could turn the misdemeanor possession of a controlled substance into a felony under K.S.A. 2016 Supp. 21-5706(c)(2)(B). The court sentenced Higbee to 28 months in prison on one of the convictions for felony possession of a controlled substance and made all the other sentences concurrent. That made the controlling sentence 28 months in prison.

Higbee then filed this appeal.

ANALYSIS

I. *Higbee Has Not Shown Error in the Prosecutor's Reference to Higbee's Silence.*

We start with Higbee's objection to his convictions. He argues that we must reverse his convictions for possession of a controlled substance and possession of drug paraphernalia because the prosecutor commented at trial on Higbee's failure to mention to law-enforcement officers when confronted that the pants weren't his. Higbee argues that this violated his right to remain silent. Under *Doyle v. Ohio*, 426 U.S. 610, 96 S. Ct. 2240, 49 L. Ed. 2d 91 (1976), the prosecutor may not impeach the defendant by referencing the defendant's post-arrest silence after receiving *Miranda* warnings. See *State v. Tully*, 293 Kan. 176, 187, 262 P.3d 314 (2011) (applying *Doyle*).

Higbee objects to two instances, one when the prosecutor cross-examined Higbee and one in the prosecutor's closing argument. We set out the statements made earlier in our opinion.

The State contends that Higbee didn't preserve his *Doyle* claim, and we agree with regard to the question asked of Higbee on cross-examination. For comments during

5

cross-examination, the defendant must raise a timely contemporaneous objection at trial to preserve the claim for appeal. K.S.A. 60-404; *State v. King*, 288 Kan. 333, Syl. ¶ 7, 204 P.3d 585 (2009). Higbee didn't do that.

But that rule doesn't apply to the prosecutor's comments during closing arguments. No trial objection is required to a prosecutor's closing argument to preserve the issue for appeal. See 288 Kan. 333, Syl. ¶ 8.

Even so, Higbee cannot show a *Doyle* violation. To do so, Higbee must first show that he *received Miranda* warnings: the United States Supreme Court has held that without *Miranda* warnings, "we do not believe that it violates due process of law for a State to permit cross-examination as to postarrest silence when a defendant chooses to take the stand." *Fletcher v. Weir*, 455 U.S. 603, 607, 102 S. Ct. 1309, 71 L. Ed. 2d 490 (1982); see also *Tully*, 293 Kan. at 189-90. No evidence in our record shows that Higbee received *Miranda* warnings at any time.

So Higbee's objection to the cross-examination question itself isn't properly before us since he didn't object at trial. And Higbee hasn't shown a *Doyle* violation, anyway, because he hasn't shown that the silence referenced by the State happened after Higbee received *Miranda* warnings.

II. *Higbee Has Not Shown a Sentencing Error*.

We turn next to Higbee's two-part challenge to his sentences. First, he argues that the convictions for possession of a controlled substance should have been misdemeanors, not felonies, thus giving him a much shorter sentence. Second, he argues that the district court used one of his prior convictions both to enhance his controlled-substance offenses to felonies and to calculate his criminal-history score. The implication of both claims is

6

that his sentence was illegal. Whether a sentence is illegal is a question of law over which this court has unlimited review. *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016).

Higbee first challenges the felony status of his controlled-substance convictions. He argues that he should be resentenced on those convictions because they should have been misdemeanors, not felonies.

The State charged Higbee with two counts of possessing controlled substances under K.S.A. 2016 Supp. 21-5706(b)(1). A charge under subsection (b)(1) may be a misdemeanor or a felony depending on whether the defendant has certain prior convictions listed in the statute. If the defendant has one of the listed convictions, then the offense is a drug severity level 5 felony; if not, then the offense is a class A nonperson misdemeanor. K.S.A. 2016 Supp. 21-5706(c)(2)(A)-(B). Simply put, having a listed prior conviction elevates a (b)(1) charge from a misdemeanor to a felony.

The State charged Higbee with two counts of possessing a controlled substance. The amended complaint listed both possession charges as severity-level-5 drug felonies. It cited one of Higbee's prior convictions as triggering the felony enhancement. That conviction was for possession of methamphetamine. Both parties agree that methamphetamine possession is not one of the listed offenses that triggers a felony enhancement. But Higbee had other prior convictions that *do* support the felony enhancement.

Two other points are significant here. The triggering past conviction is not an element of the felony offense; it's merely a trigger to an enhanced sentence. See *State v. Loudermilk*, 221 Kan. 157, 160, 557 P.2d 1229 (1976); *State v. Sykes*, 35 Kan. App. 2d 517, Syl. ¶ 11, 132 P.3d 485 (2006). And for Higbee, it was never in dispute that this was a felony offense because of his prior convictions. As we already noted, Higbee's attorney stipulated at trial "to the prior [conviction] as it pertains to the controlled substance

7

charges." And Higbee had prior convictions that were among those listed as triggering the felony enhancement.

Higbee doesn't dispute the validity of his prior convictions listed on the presentence report, which include two convictions under K.S.A. 65-4162 before its repeal. A conviction under K.S.A. 65-4162 enhances a controlled-substance possession charge from a misdemeanor to a severity-level-5 drug felony. See K.S.A. 2016 Supp. 21-5706(c)(2). Although Higbee's methamphetamine conviction cannot elevate his offenses to felonies, either of his two other convictions can. So Higbee's severity-level claim fails because he had prior convictions other than the methamphetamine conviction that independently elevated his controlled-substance offenses from misdemeanors to felonies.

Higbee's other sentencing claim is that the district court improperly double-counted one of his prior convictions, using it as a felony-enhancer and to calculate his criminal-history score. The criminal-history score is based on the defendant's prior convictions at the time of sentencing. *State v. Smith*, 309 Kan. 929, 933, 441 P.3d 472 (2019). But when the district court calculates the criminal-history score, it cannot double-count a conviction. It can use a prior conviction to enhance an offense from a misdemeanor to a felony or to calculate the criminal-history score, but it cannot do both. If the court uses a prior conviction as a felony enhancer, then it must exclude that conviction when it calculates the criminal-history score. See K.S.A. 2016 Supp. 21-6810(d)(9).

Here, Higbee says that the district court double-counted his methamphetamine conviction, using it both to enhance his controlled-substance charges from misdemeanors to felonies and to calculate his criminal-history score. The State counters with citations to the sentencing hearing that perhaps show that the court didn't double-count the methamphetamine conviction.

But there's a more basic problem with Higbee's argument on this point: even if the conviction that triggers the felony enhancement is excluded in calculating Higbee's criminal-history score, he remains in category C. To receive that score, Higbee must have one person felony conviction and one nonperson felony conviction. K.S.A. 2016 Supp. 21-6809. Higbee had a conviction for fleeing a law-enforcement officer, a person felony. See K.S.A. 2016 Supp. 8-1568(c)(2). Higbee also had two nonperson felony convictions, one for burglary and one for criminal damage to property. See K.S.A. 21-3715 (1981 Ensley); K.S.A. 1987 Supp. 21-3720(2). So even if we exclude his prior conviction for methamphetamine *and* his prior convictions under K.S.A. 65-4162 (one of which serves as the trigger for the felony enhancement), Higbee's other convictions still support a C score without double-counting. Higbee has not shown an error in the scoring of his criminal history.

We affirm the district court's judgment.