NOT DESIGNATED FOR PUBLICATION

No. 125,993

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ANTHONY LEONARD KIHEGA,
*Appellant*.


MEMORANDUM OPINION

Appeal from Cherokee District Court; MARADETH FREDERICK, judge. Submitted without oral argument. Opinion filed February 2, 2024. Affirmed.

*Peter Maharry*, of Kansas Appellate Defender Office, for appellant.

*Steven J. Obermeier*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before BRUNS, P.J., COBLE and PICKERING, JJ.

PER CURIAM: In keeping with plea negotiations, Anthony Leonard Kihega's plea agreement indicated he was pleading guilty to a third offense of driving while under the influence (DUI), despite being charged in this case with a fourth DUI. Regardless of the plea, the district court sentenced Kihega to a fourth-offense DUI rather than the pled-to-third-offense DUI. Kihega argues on appeal that he is serving an illegal sentence because the district court erred by sentencing him for a crime to which he did not plead guilty. On review, we find Kihega's sentence is not illegal because K.S.A. 2020 Supp. 8-1567(n) prohibits parties from negotiating a plea that avoids mandatory penalties for prior DUI

1

convictions and the district court properly sentenced him based on the accurate, applicable number of prior DUI convictions reflected in his criminal history.

FACTUAL AND PROCEDURAL BACKGROUND

In March 2022, the State charged Kihega with a fourth-offense DUI under K.S.A. 2020 Supp. 8-1567(a)(1) and (b)(1)(E) and driving while suspended. The State and Kihega agreed to a plea agreement in which Kihega pled guilty to a third-offense DUI and the State dismissed the remaining charge. The parties agreed to recommend one year of probation and 90 days' work release after Kihega served 48 hours in jail.

At the plea hearing, the district court informed Kihega of the DUI charge and informed him the charge was a nonperson felony, "punishable by not less than 90 days and not more than one year in jail, a fine of not less than $2,500 or both"—penalties applicable to a fourth-offense DUI under K.S.A. 2020 Supp. 8-1567(b)(1)(E). Kihega indicated he understood the district court was not bound by the parties' plea agreement. He also agreed when asked if he understood the district court could impose a sentence more severe than agreed upon in the plea agreement. The district court accepted the plea and found Kihega "guilty of driving under the influence, a fourth offense." Kihega's counsel immediately clarified the plea "was charged as a fourth but we're pleading as a third." The district court noted it incorrectly read the charging document, rather than the plea agreement, and corrected its mistake to find Kihega guilty of "driving under the influence, a third offense."

At sentencing, Kihega's prior DUI history compared with his guilty plea caused confusion. After the district court reviewed Kihega's criminal history contained in the presentencing investigation (PSI) report, the court noted Kihega's current DUI conviction was his sixth DUI conviction, not his third as agreed by the parties. In fact, Kihega had been convicted of DUI twice in 1999 and once each in 2003, 2008, and 2017. The parties

2

then reiterated the sentencing terms contained in the plea agreement, and the district court noted those sentencing terms did not correlate with the statutory requirements for a fourth-offense DUI. The district court told the parties the statute requires 72 consecutive hours in jail, rather than the 48 hours agreed upon in the plea agreement, and Kihega's counsel clarified that while "there are other convictions on his record for DUI . . . we would plead a felony third offense."

The district court immediately questioned the State's decision to agree to such a plea agreement, asking, "Why would the State agree to that" and "[W]hat was the mitigating factor for the State to agree?" The State responded, "I think the State would submit that he took accountability."

The district court was not convinced it should impose the sentence recommended by the plea agreement. The district judge reasoned:

> "Well, the court is struggling why I would only make him serve 72 hours in jail on a sixth DUI. I note that his most recent, his fifth DUI conviction, was in 2017. I think that year he was also convicted of two person felonies. Yes, he has 29 criminal convictions on his record and his most recent conviction was a driving while suspended in 2019 which makes me think that even though he's not supposed to drive he continues to do that, at least as early as 2019. He's convicted of aggravated battery and criminal threat in the same case in 2015. So he has three person felonies on his record. I've been offered no evidence that he has completed an alcohol treatment program. I have no evidence that he is employed anywhere. There's simply nothing before me that mitigates this offense to why I would allow him to only serve three days in jail for a sixth DUI. It's a dangerous crime. Even though it's not classified as a person felony it's still a dangerous—it's a danger."

After "considering the nature and circumstances of the crimes, the statements of counsel, as well as the history, character and condition of Mr. Kihega as evidenced by the presentence," the district court sentenced Kihega to 12 months, suspended to 6 months, in

3

county jail and "the minimum $2,500 fine" along with court costs. The district court granted 12 months' probation upon the completion of his 6-month jail term consistent with the recommendations in the PSI report. Notably, the district court announced the sentence based on "the primary offense of driving under the influence, a fourth or subsequent offense" and Kihega's "criminal history score of A."

The journal entry of judgment and sentencing similarly states the primary offense of conviction was "Driving Under the Influence 4th or Subsequent." The journal entry also reflects the sentence announced from the bench, including the $2,500 fine. The journal entry was approved and signed by counsel for both parties.

DID THE DISTRICT COURT IMPOSE AN ILLEGAL SENTENCE?

Kihega raises three issues on appeal, but each issue generally challenges whether the district court erred in sentencing Kihega to a fourth-offense DUI. First, Kihega argues the district court made an error of law in calculating the statutory fine required for a third-offense DUI. Second, Kihega argues the district court sentenced him "for a crime that he never pled to," and as a result, the court lacked jurisdiction to sentence him to a fourth-offense DUI. And third, Kihega raises an alternative argument requesting the panel remand with the instructions for the district court to correct the journal entry of judgment to reflect that Kihega was convicted of a third-offense DUI via a nunc pro tunc order.

Most of Kihega's argument on appeal challenges the legality of his sentence based on his interpretation of the DUI statute, despite not phrasing his issues in such way. Generally, once the district court pronounces a legal sentence, it loses jurisdiction to modify that sentence except to correct mathematical or clerical errors. *State v. Johnson*, 309 Kan. 992, 996, 441 P.3d 1036 (2019). Even so, courts may correct an illegal sentence at any time—including on appeal. K.S.A. 2022 Supp. 22-3504(a); see *State v. Hambright*, 310 Kan. 408, 411, 447 P.3d 972 (2019).

A sentence is illegal under K.S.A. 2022 Supp. 22-3504(c)(1) when: (1) it is imposed by a court without jurisdiction; (2) it does not conform to the applicable statutory provisions, either in character or the term of punishment; or (3) it is ambiguous about the time and manner in which it is to be served. *Hambright*, 310 Kan. at 411. As noted, Kihega argues his sentence is illegal because the district court erroneously interpreted the DUI statute to impose an incorrect fine and argues the district court lacked jurisdiction to sentence him on a fourth-offense DUI because he only pled guilty to a third offense.

We undergo an unlimited review of Kihega's arguments. See *State v. Mitchell*, 315 Kan. 156, 158, 505 P.3d 739 (2022) (applying unlimited review of illegal sentence claim under K.S.A. 22-3504); *State v. Moore*, 309 Kan. 825, 828, 441 P.3d 22 (2019) (applying unlimited review of issues involving statutory interpretation); *State v. Smith*, 304 Kan. 916, 919, 377 P.3d 414 (2016) (applying unlimited review to determine the existence of jurisdiction).

The most fundamental rule of statutory construction is that the intent of the Legislature governs if that intent can be ascertained. *State v. LaPointe*, 309 Kan. 299, 314, 434 P.3d 850 (2019). An appellate court must first attempt to ascertain legislative intent through the statutory language enacted, giving common words their ordinary meanings. If a statute is plain and unambiguous, an appellate court should not speculate about the legislative intent behind that clear language, and it should refrain from reading something into the statute that is not readily found in its words. *State v. Ayers*, 309 Kan. 162, 163-64, 432 P.3d 663 (2019).

*Applicable statutory provisions and corresponding precedent*

Our Kansas Supreme Court has explained it has "consistently held that a prior DUI is a sentencing factor for, not an element for trial proof of, K.S.A. 8-1567 DUI." *State v.*

*Key*, 298 Kan. 315, 319, 312 P.3d 355 (2013). See *State v. Helgeson*, 235 Kan. 534, 536, 680 P.2d 910 (1984) (holding prior DUI "'not a statutory element of the crime under K.S.A. 8-1567, . . . [it] merely bears on the penalty imposed'"), *overruled in part on other grounds by State v. Masterson*, 261 Kan. 158, 929 P.2d 127 (1996); *State v. Loudermilk*, 221 Kan. 157, 159-60, 557 P.2d 1229 (1976) (holding previous DUI conviction not element of substantive crime, serves only to enhance punishment). The *Key* court recognized this standard existed "before and since statutory amendments distinguishing misdemeanor DUI from felony DUI." *Key*, 298 Kan. at 320.

Kihega argues the district court lacked jurisdiction to sentence him for a crime he did not plead to—that is, he pled guilty to a third-offense DUI but was sentenced to a fourth-offense DUI. But fatal to Kihega's argument is a section of the DUI statute he conveniently ignores. While the parties may have been operating under the impression that Kihega could plead guilty to a lower number of prior offenses, the DUI statute simply does not support this sort of bargain. Under K.S.A. 2020 Supp. 8-1567(n), parties are prohibited from negotiating pleas that avoid the statute's mandatory penalties based on prior DUI convictions:

> "No plea bargaining agreement shall be entered into nor shall any judge approve a plea bargaining agreement entered into for the purpose of permitting a person charged with a violation of this section, or a violation of any ordinance of a city or resolution of any county in this state which prohibits the acts prohibited by this section, to avoid the mandatory penalties established by this section or by the ordinance. For the purpose of this subsection, entering into a diversion agreement pursuant to K.S.A. 12-4413 et seq. or 22-2906 et. seq. and amendment thereto, shall not constitute plea bargaining." K.S.A. 2020 Supp. 8-1567(n).

Nothing in the record, or Kihega's argument, indicates Kihega entered into a diversion agreement that would permit avoiding the mandatory penalties under K.S.A. 8-1567. And our Supreme Court has interpreted a prior version of this statute—with

identical language—to explain it "prohibits plea bargaining for the purpose of permitting once charged with DUI to avoid the mandatory penalties established by the act." *State v. Compton*, 233 Kan. 690, 695, 644 P.2d 1370 (1983). Notably, the *Compton* court ultimately determined the language prohibiting plea agreements for such purpose was valid and did not violate the constitutional separation of powers doctrine. 233 Kan. at 701.

Using these standards, Kihega cannot show his fourth-offense DUI sentence is illegal based on lack of conformity with the applicable statute because the record shows the instant DUI was, in fact, his fourth DUI conviction since 2001. See K.S.A. 2020 Supp. 8-1567(i) (for the purpose of determining whether a DUI conviction is a third or fourth, the court only considers those convictions occurring on or after July 1, 2001). Kihega does not argue any of his prior DUI convictions, or his current DUI conviction, should not be considered for the purpose of determining the number of his prior DUI convictions under K.S.A. 2020 Supp. 8-1567(i). He only argues he did not receive the benefit of his plea bargain.

But as noted above, K.S.A. 2020 Supp. 8-1567(n) specifically aims to prevent a defendant from bargaining away their statutorily mandated penalties based on the number of prior DUI convictions. As a result, the district court was statutorily mandated to sentence Kihega to a fourth-offense DUI. Kihega argues the district court sentenced him as a fourth-offense DUI because it was "either confused or unhappy with the plea." But Kihega's argument ignores the applicable statutory mandate of K.S.A. 2020 Supp. 8-1567(n).

Contrary to his argument, it would have been an error of law for the district court to sentence Kihega to the third-offense DUI penalties given the language of K.S.A. 2020 Supp. 8-1567(i) and (n). And the district court had jurisdiction to impose such sentence because Kihega pled guilty to DUI. As reiterated above, the number of prior DUI

offenses is irrelevant to whether a person is guilty of DUI. The number of prior offenses only impacts the severity of the offender's sentence. *Key*, 298 Kan. at 320. Using these standards, Kihega cannot persuasively argue the district court lacked jurisdiction to impose his sentence. Kihega pled guilty and was convicted of DUI, which provided the district court jurisdiction to impose a sentence for a DUI. Whether he pled to a third or fourth offense does not impact the legality of his conviction, only the severity of his sentence.

And on review of prior caselaw, we find no due process concerns with the sentence imposed. In *State v. Moody*, 282 Kan. 181, 197, 144 P.3d 612 (2006), there was "a discrepancy between the offense of which [Moody] was charged and convicted and the offense for which she was sentenced." The charging document referenced only two prior DUI convictions, so Moody pled guilty to and was convicted of a third-offense DUI. Then, another DUI was revealed in her PSI report, but she was not surprised when that third prior conviction appeared, and she admitted the additional prior conviction at the sentencing hearing. She was then sentenced as a fourth-time offender. On appeal, she claimed because she pled to a third-offense DUI, the district court lacked jurisdiction to impose a fourth-offense sentence, and even if the court did have jurisdiction, the district court did not satisfy due process when sentencing her to the more severe consequences. Finding this a due process issue, not a jurisdictional question, because proof of a prior conviction is not an element of a DUI offense, our Supreme Court held:

> "Where a defendant with three prior DUI convictions receives notice in the complaint of the severity level of the DUI offense charged, and later at the plea hearing is informed of the maximum penalty for a fourth DUI offense, the defendant is appropriately sentenced as a fourth-time DUI offender, although the complaint alleged only 'two or more' prior offenses. We conclude under the circumstances of this case that the defendant received due process and the judge had jurisdiction to sentence Moody as a fourth-time DUI offender and impose the mandatory postrelease supervision required by statute." 282 Kan. at 197-98.

In *Moody*, although the charging document did not notify the defendant of the potential for a more severe sentence under the fourth-offense statutory section, notice to Moody sufficient to comport with due process occurred when the district court discussed with her the additional prior conviction, she admitted to the same, and the court informed her of the maximum penalties for a fourth-offense DUI during the sentencing hearing. 282 Kan. at 198.

Here, although the district court accepted Kihega's plea to a third-offense DUI prior to receiving his PSI report, Kihega was charged at the outset of the case with "driving under the influence—fourth (nonperson felony)" and the complaint specifically referenced the applicable fourth or subsequent DUI penalties under K.S.A. 2020 Supp. 8-1567(b)(1)(E). The district court, then, provided Kihega with actual notice since the inception of the case that the potential penalties were those applicable to fourth or subsequent DUIs.

Kihega's argument ignores the applicable statutory language of K.S.A. 2020 Supp. 8-1567(n), which is plain and unambiguous, and its terms specifically aim to prevent Kihega's attempt to avoid the DUI statute's mandatory penalties through plea negotiations. Kihega has not shown the district court erred in his sentencing because the statute's plain language mandates the imposition of the fourth-offense DUI penalties. And Kihega has not shown the district court imposed the sentence without jurisdiction because he pled to DUI, was convicted of DUI, and was then sentenced for DUI. He does not contend the State failed to meet its burden of proof for establishing a factual basis for his current DUI, therefore the district court did not err in sentencing Kihega as a fourth-offense DUI despite his pleading to third-offense DUI. And because there was no error in sentencing, there is no need for any correction to the sentencing journal entry.

Affirmed.