No. 14205

IN THE SUPREME COURT OF THE STATE OF MONTANA

1978

---

STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

RAYMOND NELSON,

Defendant and Appellant.

---

Appeal from: District Court of the Third Judicial District,
Honorable Robert Boyd, Judge presiding.

Counsel of Record:

For Appellant:

Greg Skakles, Anaconda, Montana

For Respondent:

Mike Greely, Attorney General, Helena, Montana
John Radonich, County Attorney, Anaconda, Montana

---

Submitted on briefs: August 3, 1978

Decided: SEP 7 - 1978

Filed: SEP 7 - 1978

Thomas J. Kearney
Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

Defendant Raymond Nelson appeals from final judgment and conviction for driving while intoxicated rendered August 31, 1977, following a jury trial in the District Court of the Third Judicial District, County of Deer Lodge.

This case comes to us under Class #2 of the Internal Operating Rules of this Court, and as such is being decided without oral argument.

Defendant was involved in an automobile accident at approximately 12:30 a.m. on Saturday, November 6, 1976, when the car he was driving crossed the center line of Highway 10-A, west of Anaconda, Montana, and struck an oncoming car driven by Linda Boyer of Anaconda. Only minor injuries resulted. Following the accident, sheriff's deputies, after investigating the accident, took defendant to Community Hospital where a blood sample was drawn. The deputies then took the sample to the county jail where it was left to be mailed to Helena for analysis the following day. Defendant was subsequently charged in District Court by information with "Driving While Under the Influence of Intoxicating Liquor (3rd offense)", to which he pleaded not guilty on January 3, 1977. On July 11, 1977, defendant unsuccessfully moved to dismiss for failure of the State to bring the case to trial within the statutory six month time limit. At trial on August 30, 1977, the State did not present any evidence of defendant's prior convictions. The jury returned a guilty verdict on August 31 and on October 26 the court gave defendant a deferred one-year sentence and ordered him to pay a $750 fine.

Defendant presents four issues for review which we have rephrased and regrouped for purposes of this opinion:

1. Was the information deficient in stating sufficient facts to establish the jurisdiction of the District Court?

2. Did the failure of the State to present evidence during the trial of defendant's prior convictions for driving while intoxicated entitle him to a directed verdict on the ground that the jurisdiction of the District Court was not established?

3. Was defendant denied a speedy trial by the failure of the State to bring the case to trial within six months of his plea?

4. Was evidence of defendant's blood test erroneously admitted despite a break in the chain of its custody?

While certain aspects of each of these issues are troubling, we find none of them, either singly or in combination, sufficient to warrant reversal and therefore affirm the judgment of the District Court. We will discuss each issue in turn.

In Issue 1, defendant questions the sufficiency of the information to establish jurisdiction of the District Court. Defendant was charged by information with "the crime of Driving While Under the Influence of Intoxicating Liquor (3rd offense)". Defendant argues strenuously at length that "offense" and "conviction" are not the same thing and therefore the information fails to state facts sufficient to give the District Court jurisdiction of what is normally a justice court offense. State v. Heine (1975), 169 Mont. 25, 30, 544 P.2d 1212, 1214. We feel defendant's semantic argument is a distinction without a difference under the facts of this case.

In Montana, the criminal jurisdiction of justice courts generally extends to all misdemeanors punishable by a fine not exceeding $500 or imprisonment not exceeding six months, or both such fine and imprisonment. Section 95-302, R.C.M. 1947. Criminal jurisdiction of the District Courts then extends to all public offenses not otherwise provided for. Section 95-301, R.C.M. 1947. Under Montana's driving while intoxicated statute, it is only upon the third conviction that the maximum sentence may be increased to one year and a fine of $1,000. Section 31-2142(d), R.C.M. 1947, (as codified at the time of the incident). Only at that time do District Courts become vested with jurisdiction over the matter. State v. Heine, supra.

Defendant's argument is that by stating in the information that this was his "3rd offense" instead of that he had two prior convictions, the State failed to establish the jurisdiction of the court. There is no basis for defendant's argument. First, the information itself clearly states the increased penalty to which defendant, having two prior convictions, is subject. This penalty is applicable only to one having two prior convictions. Section 31-2142(d), R.C.M. 1947.

Second, the affidavit filed in support of the information clearly states that a review of defendant's driving record indicates "two previous driving while intoxicated convictions". Reference to the affidavit filed is clearly permissible. State v. Dunn (1970), 155 Mont. 319, 324, 472 P.2d 288, 292.

The information as to defendant's prior convictions, in combination with the supporting affidavit, is sufficient to give jurisdiction to the District Court.

Issue 2 challenges the State's failure to produce evidence of the prior convictions at defendant's trial. Defendant argues that since no evidence was presented at trial of his prior convictions for driving while intoxicated, the State failed to establish the jurisdiction of the court.

In section 31-2142, R.C.M. 1947, the statute defendant is accused of violating, the element of prior convictions is not contained in the statutory definition of the crime but is contained only in the separate penalty provisions. For a prior conviction to be a necessary element of a crime, the fact of prior convictions must be contained in the statutory definition of the crime rather than in the separate penalty provisions. State v. Loudermilk (1976), 221 Kan. 157, 557 P.2d 1229, 1232. The State, upon trial, has only to prove the present offense. If they succeed, then the matter of the prior convictions is considered in setting the sentence. Loudermilk, 557 P.2d at 1233. As sentencing is to be imposed solely by the judge, section 95-2212, R.C.M. 1947, only he need be informed as to the prior convictions.

An analogous procedure is used in sentencing repeat felony offenders:

> "(b) The notice and the charges of prior convictions contained therein shall not be made public nor in any manner be made known to the jury before the jury's verdict is returned upon the felony charge provided that if the defendant shall testify in his own behalf he shall nevertheless be subject to impeachment as provided in section 93-1901-11, R.C.M. 1947, as amended.

> "(c) If the accused is convicted upon the felony charge, the notice, together with proper proof of timely service, shall be filed with the court before the time fixed for sentence. The court shall then fix a time for hearing with at least three (3) days' notice to the accused.

"(d) The hearing shall be held before the court alone. If the court finds any of the allegations of prior conviction true, the accused shall be sentenced under the provisions of section 94-4713." Section 95-1506, R.C.M. 1947.

See also State v. Cooper (1971), 158 Mont. 102, 109, 489 P.2d 99, 102.

While the felony provision above does not deal with the jurisdiction of the court, it does indicate a legislative concern that evidence of prior convictions may prejudice the defendant in his present trial. See Rule 404(b), Mont.R. Evid. The same concern is applicable in driving while intoxicated cases and was shared by defendant here who asked that the reference to "3rd offense" be blocked out before the information was given to the jury.

Defendant refers us to State v. Jones (1970), 204 Kan. 719, 466 P.2d 283, 288, where the Kansas Supreme Court held that the venue of an offense is jurisdictional and must be proved to establish the jurisdiction of the court. The case is distinguishable.

The jurisdiction of which the Kansas court is speaking is geographical, that is, where the crime took place. Thus, in proving the crime itself, the State must prove it occurred within the geographical jurisdiction of the court. The same is true in Montana as to geographical jurisdiction. State v. Smith (1920), 57 Mont. 563, 588, 190 P. 107, 116.

The jurisdiction of the court in the present case, however, is dependent on the maximum sentence which can be made. Sections 95-301, 95-302, R.C.M. 1947. Proof of jurisdiction, therefore, is proper any time up until sentencing.

Defendant challenges the State's failure to bring him to trial within statutory time limits in Issue 3.

-6-

On January 3, 1977, defendant pleaded not guilty to the charge filed against him. On August 30, 1977, nearly eight months later, his trial commenced. Defendant argues this contravenes section 95-1703(2), R.C.M. 1947, requiring dismissal of any misdemeanor not brought to trial within six months after entry of plea. Neither the facts nor the statute support this contention.

Section 95-1703(2), R.C.M. 1947, states:

"(2) The court, unless good cause to the contrary is shown, must order the prosecution to be dismissed in the following cases:

"If a defendant, after entry of plea upon a complaint, information, or indictment charging a misdemeanor, whose trial has not been postponed upon his application, is not brought to trial within six months." (Emphasis added.)

Between January 3 and August 30, the following events transpired:

| | |
|---|---|
| January 3, 1977 | Defendant enters plea. Trial set for January 13, 1977 |
| January 6, 1977 | Defendant moved to substitute Judge Olsen |
| January 18, 1977 | Judge Boyd called in Judge Lessley |
| January 19, 1977 | Judge Lessley assumed jurisdiction |
| January 20, 1977 | Defendant moved to dismiss for lack of jurisdiction |
| February 2, 1977 | Judge Lessley denied defendant's motion |
| February 15, 1977 | Defendant moved to suppress the results of the blood test; a hearing scheduled for February 24, 1977 was never held. (Prosecution contended defendant failed to schedule it, defense offered no reasons) |
| Date Unavailable | Parties stipulated that Judge Boyd could assume jurisdiction |

July 11, 1977          Defendant moved to dismiss for failure to be brought timely to trial under section 95-1703(2), R.C.M. 1947. Results of hearing are unavailable

In addition, for an unspecified period of time the presiding judge was ill. In view of this record, we cannot say that there was not good cause for the delay or that defendant's trial was not postponed upon his application. Full consideration of defendant's motions, as well as the several substitutions of presiding judges, often at defendant's request, provide ample good cause for the delay occurring in this case.

Defendant's final issue challenges the admissibility of the blood test in evidence because of a break in the chain of custody.

Following the accident in the early morning hours of Saturday, November 6, defendant was taken to Community Hospital in Anaconda where a blood sample was taken for purposes of a blood alcohol test. This sample, placed in a container with the seal number noted as "1629", was given to the investigating sheriff's deputy who returned with it to the Deer Lodge County sheriff's department where he left it "on the desk in the office" to be mailed by the day shift the next morning. The specimen reached Helena on Tuesday, November 9, where the Department of Health analyst, in examining the seal prior to opening it, made a notation that the actual seal number was "1628" not "1629". The analysis, showing .24 percent blood alcohol, was returned under this number.

Defendant argues this evidence is inadmissible for two reasons: (1) The originally noted seal number at the time of the drawing of the sample and the subsequently noted seal

number under which the analysis was returned were not the same; and (2) the three day delay between the taking of the sample and its arrival in Helena, especially the lack of testimony as to the period while the sample was left on the desk in the sheriff's office, was an impermissible break in the chain of evidence. We feel both contentions were adequately answered at trial.

First, as noted, upon receipt of the sample in the mail, the analyst employed by the State Department of Health examined the seal number and determined that it was erroneously noted as "1629" instead of "1628". He made a notation to this effect on the Specimen Collection-Laboratory Analysis form sent with the blood sample. During his testimony at trial, it was brought out that the lower left vertical line of the "8" on the stamped metal seal was very light so that to a cursory glance the last digit on the seal appeared to be a "9". The jury heard this testimony. Their conclusion that the discrepancy was adequately explained is entitled to great weight. We will not disturb it on the showing here.

As to defendant's second contention, we find the evidently casual handling of the blood sample by the sheriff's deputies troubling, but in view of the other identification methods for the sample available, not cause enough for reversal.

Defendant conjectures that between the time the sample was drawn early Saturday morning in Anaconda and its arrival Tuesday in the mail in Helena, it could have been tampered with. Nevertheless, the sample did arrive in Helena with its seal intact. The delay of three days is explained in part by the fact that the postal service does not operate on Sunday.

Defendant correctly states:

"It is rudimentary that a specimen taken from
a human body for the purpose of analysis must
be identified before such specimen or any analy-
sis made for it attains standing as evidence of
the condition of the person whose conduct is
questioned. Without identification, there is
no connection between the two ... ." McGowan v.
City of Los Angeles (1950), 100 Cal.App.2d 386,
223 P.2d 862, 21 ALR2d 1206, 1212.

The State equally accurately replies:

"It was not incumbent upon the state to prove
that it could not have been tampered with. It
was not necessary that all possibility of its
having been tampered with should be excluded by
affirmative testimony. [Citation omitted.] It was
only necessary to identify the package and to make
a prima facie showing that there has been no
substantial change in it to warrant its introduc-
tion into evidence." State v. Wong Fong (1925),
75 Mont. 81, 87, 241 P. 1072, 1074.

In State v. Frates (1972), 160 Mont. 431, 434-35, 503

P.2d 47, 49, the defendant challenged an almost identical

procedure as was used here for collecting and transmitting

evidence to a laboratory for analysis. After describing the

chain of possession, we rejected the challenge:

"The evidence establishes a chain of possession
of the LSD tablets from defendant to the arresting
officers; from there to tagging, marking and
storing in the evidence vault at the Billings
police department; the packaging and addressing
of four of the tablets to the Bureau of Narcotics
and Dangerous Drugs in San Francisco; the receipt
of the four pills by this agency; their examina-
tion testing, and identification by chemist Chan
of that agency; and, the return of the plastic
container, the mailing box, and the mailing wrap-
per, bearing the handwriting of one of the Billings
officers, to the Billings police department. Under
such circumstances, the absence of the direct
testimony of the person who actually mailed them
to San Francisco is immaterial and in no sense
breaks the chain of possession, precluding their
admissibility in evidence." (Emphasis added.)

This decision controls here but with a caveat: the

leaving of the sample "on the desk in the office" is far

less acceptable than the "storing in the evidence vault" in

Frates and increases the possibility of tampering. When

combined with errors in evidence identification such as the

misread seal number here, the possibility of a successful challenge to its admission likewise increases.  Here, only the existence of an alternative means of identification, the seal number, saves the evidence from exclusion.

Having examined each of the arguments of defendant, we find no basis for reversal.  The judgment of the District Court is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices