No. 83-342

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

JOHN SANDERS,

Defendant and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
                In and for the County of Yellowstone,
                The Honorable Robert H. Wilson, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

                Allen Beck argued, Billings, Montana
                Eiselein & Thompson; Michael Eiselein argued,
                Billings, Montana

        For Respondent:

                Hon. Mike Greely, Attorney General, Helena, Montana
                Joe Roberts, Asst. Atty. General, argued, Helena
                Harold F. Hanser, County Attorney, Billings, Montana
                Dave Hoefer, Deputy County Atty., Billings, Montana

                                Submitted:   December 2, 1983

                                Decided:   February 29, 1984

Filed:

*Ethel M. Harrison*

—————————————————————————
                    Clerk

Mr. Justice L.C. Gulbrandson delivered the Opinion of the Court.

This case comes on appeal from a jury verdict rendered in the Thirteenth Judicial District, Yellowstone County, convicting the appellant of carrying a concealed weapon. For the reasons stated below we affirm the conviction.

On February 9, 1983, the appellant, John D. Sanders, entered a department store in downtown Billings where a store clerk noticed a pistol in a holster when the appellant removed his vest to try on a jacket. On the same morning, a security officer at First Bank of Billings also observed that the appellant appeared to have a pistol under his vest. As a result of these observations, phone calls were placed to the Billings police describing the appellant and the fact that he was carrying a weapon. Later that morning, Detective Donald Glumbik first observed and then stopped the appellant as he was about to leave the Northern Hotel in downtown Billings. The appellant was frisked by Detective Glumbik and the frisk revealed a .22 caliber semi-automatic pistol in a holster underneath appellant's vest. The appellant was arrested and charged with carrying a concealed weapon.

On February 15, 1983, the State filed an "Information" and an "Affidavit and Motion for Leave to File Information Direct" charging the appellant with the offense of "carrying a concealed weapon (felony)" as specified in Section 45-8-316, MCA, which provides:

> "Carrying concealed weapons. (1) Every person who carries or bears concealed upon his person a dirk, dagger, pistol, revolver, slingshot, sword cane, billy, knuckles made of any metal or hard

substance, knife having a blade 4 inches long or longer, razor, not including a safety razor, or other deadly weapon shall be punished by a fine not exceeding $500 or imprisonment in the county jail for a period not exceeding 6 months, or both.

"(2) A person who has previously been convicted of an offense, committed on a different occasion than the offense under this section, in the state of any other jurisdiction for which a sentence to a term of imprisonment in excess of 1 year could have been imposed and who carries or bears concealed upon his person any of the weapons described in subsection (1) shall be punished by a fine not exceeding $1,000 or imprisoned in the state prison for a period not exceeding 5 years, or both."

The "Affidavit and Motion for Leave to File Information Direct" also stated, "[d]efendant has been previously convicted of a felony in the State of Montana (Issuing a bad check, November 5, 1975.)"

Immediately prior to the State's presentation of evidence at trial, a discussion took place in the judge's chambers between the deputy county attorney, the appellant and his attorney and the judge. The discussion concerned the proof of the appellant's prior conviction and the possible prejudicial effect of such evidence at trial. The State indicated it was prepared to introduce a certified copy of the appellant's previous conviction into the record and would produce the appellant's probation officer for positive identification. The appellant and his attorney then agreed to stipulate that the appellant was the same person as shown in the certified conviction record shown to the judge. In accordance with this stipulation, the State did not make a further record of the appellant's prior felony conviction to the jury.

-3-

On May 4, 1983, the appellant was tried before a jury and found guilty of the offense of carrying a concealed weapon. He was sentenced to five years imprisonment from which he now appeals.

Initially, appellant argues Section 45-8-316, MCA, violates Article II, section 28 of the Montana Constitution which provides for a full restoration of an individual's rights upon discharge of sentence. In particular, appellant asserts that Section 45-8-316(2), MCA, defies the express mandate of Montana's constitution because individuals not previously convicted of a felony may only be charged with and convicted of a misdemeanor while prior convicted felons, who fully discharge their sentences, may be prosecuted and convicted of a felony.

We have considered essentially the same constitutional argument raised by the appellant here in three previous cases: State v. Radi (1978), 176 Mont. 451, 578 P.2d 1169 (persistent felony offender statute); State v. Maldonado (1978), 176 Mont. 322, 578 P.2d 296 (persistent felony offender statute); and State v. Gafford (1977), 172 Mont. 380, 563 P.2d 1129 (impeachment of witness with prior felony conviction).

In State v. Radi, supra, we said:

> "In any event, we cannot construe Article II, Section 28 in the manner that defendant desires. In State v. Gafford (1977), 172 Mont. 380, 563 P.2d 1129, the defendant contended he could not be impeached through proof of a prior conviction of a felony because of Article II, Section 28. To this assertion this Court responded:
>
> "'In our view the constitutional provisions refers to those rights commonly considered political and civil rights incident to citizenship such as

-4-

the right to vote, the right to hold public office, the right to serve as a juror in our courts and the panoply of rights possessed by all citizens under the laws of the land. It had no reference to an individual's characteristics, record, or previous conduct demonstrated by a prior felony conviction.' 563 P.2d 1134.

"Article II, Section 28 grants an offender who has served his sentence a fair opportunity to enjoy the rights that law-abiding citizens enjoy. It does not grant him immunity from being treated as a persistent felony offender." 176 Mont. at 469.

Similarly, in State v. Maldonado, supra, 176 Mont. 330

we said:

"The 'full rights' language of Article II, Section 28 does not include a 'right' to be sentenced for a felony without regard to prior felony convictions. Having a prior felony conviction with the potential for increasing punishment on a subsequent felony conviction does not hamper rehabilitation of the ex-convict or diminish his civil or political rights. If the ex-convict obeys the law, as all citizens are required to do, for five years subsequent to his felony conviction or release from prison, the prior felony may not be used to increase punishment under section 95-1507 for a subsequent felony. Rather then involving any civil or political 'right,' increasing the sentence of a persistent felony offender is entirely consistent with the constitutional mandate that 'Laws for the punishment of crime shall be founded on the principles of prevention and reformation. * * * ' Article II, Section 28, 1972 Montana Constitution.

" * * * Persistence in crime and failure of earlier discipline effectively to deter or reform justify more drastic treatment. * * * For the determination of sentences, justice generally requires consideration of more than the particular acts by which the crime was committed and that there be taken into account the circumstances of the offense together with the character and propensities of the offender. His past may be taken to indicate his present purposes and

-5-

> tendencies and significantly to suggest
> the period of restraint and the kind of
> discipline that ought to be imposed upon
> him.  Pennsylvania ex rel. Sullivan v.
> Ashe (1937), 302 U.S. 51, 54-55, 58 S.Ct.
> 59, 61, 82 L.Ed 43."

In short, we have consistently rejected appellant's argument in our previous decisions.

Appellant next asserts that Montana's concealed weapon statute, Section 45-8-316, MCA, is violative of equal protection concepts as set forth in the United States Constitution and the Montana Constitution because it provides for a greater punishment for a prior felon than for a non-felon.

The standard for analyzing an equal protection challenge to a particular classification within a state statute was set forth by the United States Supreme Court in Lindsley v. Natural Carbonic Gas Co. (1911), 220 U.S. 61, 311 S.Ct. 337, 55 L.Ed. 369:

> "* * * 1. The equal-protection clause of
> the 14th Amendment does not take from the
> state the power to classify in the
> adoption of police laws, but admits of
> the exercise of a wide scope of
> discretion in that regard, and avoids
> what is done only when it is without any
> reasonable basis, and therefore is purely
> arbitrary.  2. A classification having
> some reasonable basis does not offend
> against that clause merely because it is
> not made with mathematical nicety, or
> because in practice it results in some
> inequality.  3. When the classification
> in such a law is called in question, if
> any state of facts reasonably can be
> conceived that would sustain it, the
> existence of that state of facts at the
> time the law was enacted must be assumed.
> 4. One who assails the classification in
> such a law must carry the burden of
> showing that it does not rest upon any
> reasonable basis, but is essentially
> arbitrary."

Natural Carbonic Gas Co., supra, 220 U.S. at 78.

This test was cited with approval by this Court in State v. Craig (1976), 169 Mont. 150, 545 P.2d 649. Thus, the equal protection clause forbids only those legislative classifications which represent some form of invidious discrimination. Levy v. Louisiana (1967), 391 U.S. 68, 88 S.Ct. 1509, 20 L.Ed.2d 436 reh. den. (1968), 398 U.S. 898, 89 S.Ct. 65, 21 L.Ed.2d 185. Generally, a classification will not be held to be invidious if some rational basis can be found to support it. Rinaldi v. Yeager (1966), 384 U.S. 305, 86 S.Ct. 1497, 16 L.Ed.2d 577.

It cannot be said that the classification at issue in the case at bar is unreasonable or unrelated to a legitimate legislative purpose. The assumption that a previous felon presents a greater danger of committing a criminal offense is not unreasonable. Moreover, in State v. Maldonado, 176 Mont. at 333, we said that where the power to classify a crime a felony or a misdemeanor is given to the judge, through the sentence he imposes, rather than to the prosecutor, there is no equal protection violation. See also Gibson v. Dell (9th Cir. 1971), 443 F.2d 75 and Daloia v. Rhay (9th Cir. 1958), 252 F.2d 768. That is the situation in this case. The judge used a prior felony conviction in sentencing the appellant as provided in Section 45-8-316(2), MCA.

Other jurisdictions have rejected constitutional challenges in similar circumstances. In State v. Chiles (Kan. 1979), 595 P.2d 1130, 1134, the court said "[i]t is not unreasonable to restrict convicted felons from possessing hand-guns because the repetition of a crime by a previous offender who has armed himself with a pistol might

well bring serious harm to the victim." In <u>Pridgeon v. State</u> (Ark. 1979), 587 S.W.2d 225, the court held that a statute permitting the doubling of the normal penalty imposed for a drug violation upon a second conviction, did not deprive defendants convicted a second time of equal protection on the theory that it authorized more severe punishment than that provided in the habitual offender statute. In addition, statutes authorizing the imposition of heavier penalties on recidivists than on first offenders, have been held not to deny the accused to due process. <u>Spencer v. Texas</u> (1967), 385 U.S. 554, 17 L.Ed.2d 606, 87 S.Ct. 1015. See also 39 Am.Jur.2d sections 1-5, p. 308-313.

The appellant correctly points out that Section 45-8-316, MCA, does not differentiate between nonviolent and violent felons for enhanced sentencing. However, he fails to meet his burden of showing that the statute, without such a differentiation, lacks a rational relationship to a legitimate legislative purpose. Indeed, a previous non-violent felony does afford a reasonable basis for classification and cannot be construed as violating constitutional standards of equal protection.

Finally, appellant contends that the District Court was without jurisdiction to sentence the appellant to any term in excess of the six-month period set forth in Section 45-8-316(1), MCA. Specifically, appellant points out that the issue of a previous conviction was not plead or proven to the jury so the appellant was convicted only of a misdemeanor. The appellant's proposition is based upon the following premises: (1) the factual issue of a appellant's prior conviction is an element of the offense under Section

-8-

45-8-316(2), MCA; and (2) every element of an offense must be pled and proven beyond a reasonable doubt to the satisfaction of the jury before an individual may be sentenced for a particular crime, in this case, the felonious carrying of a concealed weapon.

Prior to trial, the appellant stipulated to the authenticity of appellant's prior conviction record and the State did not present evidence of a prior conviction to the jury. Thus, the appellant voluntarily waived the production of evidence of a prior felony conviction but now argues on appeal that the State erred by failing to prove to the jury the existence of a prior felony conviction beyond a reasonable doubt.

We considered a similar issue in State v. Nelson (1978), 178 Mont. 280, 583 P.2d 435. In Nelson, the defendant was charged by information with "Driving Under the Influence of Intoxicating Liquor (3rd offense)." The State did not present any evidence of the defendant's prior convictions at trial. On appeal, the defendant argued that since no evidence was presented at trial of his prior convictions for driving while intoxicated, the State failed to establish the juridiction of the court. We rejected that argument.

There were two statutes involved in Nelson. One defined the substantive offense (formerly Section 32-2142, R.C.M. 1947, now Section 61-8-401, MCA), the other statute provided the penalty based upon whether the conviction was the first, second or third subsequent offense (formerly Section 32-2142 R.C.M. 1947, now Section 61-8-714, MCA). We held:

"In section 32-2142 R.C.M. 1947, the statute defendant is accused of violating, the element of prior convictions is not contained in the statutory definition of the crime but is contained only in the separate penalty provisions. For a prior conviction to be a necessary element of crime, the fact of prior convictions must be contained in the statutory definition of the crime rather than in the separate penalty provisions. State v. Loudermilk (1976), 221 Kan. 157, 557 P.2d 1229, 1232. The State, upon trial, had only to prove the present offense. If they succeed, then the matter of the prior convictions is considered in setting the sentence. Loudermilk, 557 P.2d at 1233. As sentencing is to be imposed solely by the judge, section 95-2212, R.C.M. 1947, only he need be informed as to the prior convictions."

State v. Nelson, supra, 178 Mont at 284.

Appellant tries to distinguish Nelson from the instant case by pointing out there is no separate penalty provisions for the felony of carrying a concealed weapon. However, it should be pointed out that the elements of the offense are set forth in Section 45-8-316(1), MCA, while subsection (2) provides only for an enhanced penalty for an offender with a previous felony conviction. Thus, the matter of a previous conviction arises only at the time of sentencing and it is not an essential element of the crime which the respondent was required to prove at trial.

We find no reversible error and therefore affirm the decision of the District Court.

_____
Justice

-10-

We concur:

_____
Chief Justice

_____

_____

_____

_____

Justices

Mr. Justice Daniel J. Shea dissenting:

I would vacate the sentence and remand for the sentencing court to sentence defendant only for a misdemeanor conviction -- his conviction was for the misdemeanor of carrying a concealed weapon in violation of section 45-8-316(1), MCA.

The information charged defendant only with a misdemeanor and the resulting conviction can result in a sentence only for the misdemeanor. The fact that defendant had a previous felony record cannot be used to transform his conviction from that of a misdemeanor to that of a felony in terms of the sentence that he received.

I view section 45-8-316, MCA, as creating two offenses, one a misdemeanor (subsection (1)), and the second a felony (subsection (2)). Each of these subsections is self-contained except that subsection (1) lists the weapons that are proscribed or that fall within the definition of a concealed weapon.

In charging defendant the State had the choice of alleging a violation of subsection (1) or a violation of subsection (2). The State chose to charge a violation of subsection (1) - the misdemeanor subsection. It is true that in its application for leave to file an information the State also alleged that defendant had been previously convicted of a felony, but this statement in the application does not transform the charge into something different than what was actually charged. The charge was a misdemeanor, defendant was convicted of a misdemeanor, and he should be sentenced only for this conviction, which carries ". . . a fine not exceeding $500 or imprisonment in the county jail for a period not exceeding 6 months, or both." (45-8-316(1)).

- 12 -

The statute, as interpreted by the majority, strips defendant of his right to jury trial on an essential element of the offense under section 45-8-316(2). If the penalty can be enhanced from misdemeanor proportions to felony proportions because of a previous felony conviction, defendant should have a right to jury trial on that issue. He also had a right to be informed in the information that he was charged not only with carrying a concealed weapon but with the second element of the offense, having been convicted of a previous felony.

Although defendant and his counsel stipulated to the fact that defendant was the same person as shown in the certified conviction record shown to the judge, the undeniable fact is that they stipulated to nothing that the State was required to prove by the terms of the information. The information charged defendant with a violation of section 45-8-316(1) only, and defendant was entitled to rely on that charge in proceeding to trial and in entering into the stipulation. The fact is that the State apparently was proceeding to prove something that, by the terms of the charges, it was not required to prove, and something that could therefore be highly prejudicial to defendant.

Had defendant been charged in the Information with a violation of 45-8-316(2) it is doubtful that defendant would have entered into the stipulation he did. Or, on the other hand, defendant may have waived his right to a jury trial on the issue of the previous record. But neither of these situations were part of the reality of the proceedings at trial. Defendant simply stipulated to something that was never alleged in the Information in the first place.

However, after the jury convicted defendant of the misdemeanor charge, couched in terms of section 45-8-316(1) only, the trial court stripped defendant of his constitutional right to a jury trial when he transformed the misdemeanor conviction into a felony conviction for sentencing purposes by finding that defendant had a previous felony conviction. That question was for the jury, and the jury only, in the absence of a known waiver spread upon the record. That is not the record in this case.

For these reasons I would vacate the sentence, uphold the misdemeanor conviction for carrying a concealed weapon, but remand with instructions that defendant cannot be sentenced beyond the maximum limits set forth in section 45-8-316(1), MCA.

Daniel J. Shea
Justice