No. 98-660

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 313N

STATE OF MONTANA,

Plaintiff and Respondent,

v.

GLORIA WOLF BLACK NOT AFRAID,

Defendant and Appellant.

APPEAL FROM: District Court of the Thirteenth Judicial District,

In and for the County of Yellowstone,

The Honorable Russell C. Fagg, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Richard J. Carstensen, Attorney at Law, Billings, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General; Cregg W. Coughlin, Assistant Attorney General; Helena, Montana

Dennis Paxinos, Yellowstone County Attorney; Beverly Tronrud, Deputy

Yellowstone County Attorney, Billings, Montana

---

Submitted on Briefs: November 18, 1999

Decided: December 14, 1999

Filed:

---

Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

1. ¶ Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

2. ¶ Defendant, Gloria Wolf Black Not Afraid (Not Afraid), was charged with driving under the influence of alcohol, a felony (felony DUI); failure to show proof of liability insurance; driving while license suspended or revoked; and driving with fictitious license plates.

3. ¶ Not Afraid moved to dismiss the felony DUI charge on the basis that the statute

which made fourth and subsequent DUI offenses a felony was impermissible retroactive legislation and that the charging document did not state facts sufficient to give jurisdiction to the District Court. The District Court denied the motion.

4. ¶ Not Afraid subsequently entered a guilty plea to the charges and reserved her right to appeal the denial of the motion to dismiss.

## Issues Presented

5. ¶ 1. Whether the District Court lacked jurisdiction because the Information charging Not Afraid with felony DUI did not enumerate each of her prior offenses, the courts in which the prior convictions were obtained, or the dates on which the prior offenses were committed.

6. ¶ 2. Whether the 1995 amendment which made fourth offense DUI a felony was enacted prior to Not Afraid's fourth DUI offense and was thus applied retroactively.

7. ¶ 3. Whether the 1995 amendment which made fourth offense DUI a felony violated the prohibition against ex post facto legislation.

## Standard of Review

8. ¶ We review a district court's grant or denial of a pretrial motion to dismiss in a criminal case to determine whether the court's conclusions of law are correct. State v. Morgan, 1998 MT 268, ¶ 17, 291 Mont. 347, ¶ 17, 968 P.2d 1120, ¶ 17.

## Discussion

9. ¶ 1. Whether the District Court lacked jurisdiction because the Information charging Not Afraid with felony DUI did not enumerate each of her prior offenses, the courts in which the prior convictions were obtained, or the dates on which the prior offenses were committed.

10. ¶ The Information charged Not Afraid with driving under the influence of alcohol, a felony, on December 20, 1995 and the Affidavit and Motion for Leave to File Information stated that, "[s]ubsequent investigation revealed the Defendant had three or more prior DUI or per se convictions." Not Afraid argues that, in the absence of specific allegations as to the time, place and court involved in each of the prior convictions, the court had no jurisdiction over the charge.

11. ¶ District Courts have original jurisdiction in all criminal cases amounting to a felony. Section 3-5-302(1)(a), MCA. A felony is an offense in which the sentence

imposed upon conviction is death or imprisonment in a state prison for any term exceeding one year. Section 45-2-101(22), MCA. Driving under the influence of alcohol or drugs is a criminal offense punishable as either a misdemeanor or a felony. Section 61-8-714, MCA (1995). The Information in the case *sub judice* clearly charged Not Afraid with felony DUI. The affidavit in support of the Information stated that Not Afraid "had three or more DUI or per se convictions" on her record.

12. ¶ The underlying purpose of an information is to " 'reasonably apprise the person of the charges against him so that he may have an opportunity to prepare his defense.' " State v. Steffes (1994), 269 Mont. 214, 223, 887 P.2d 1196, 1202 (quoting State v. Matt (1990), 245 Mont. 208, 213, 799 P.2d 1085, 1088). An information charging felony DUI need not enumerate the prior offenses in order to establish jurisdiction in the district court. *See*, *e.g.*, State v. Campbell (1980), 189 Mont. 107, 119, 615 P.2d 190, 197. In State v. Nelson (1978), 178 Mont. 280, 283, 583 P.2d 435, 436, the defendant was charged with "the crime of Driving While Under the Influence of Intoxicating Liquor (3rd offense)." He argued that the information failed to establish the jurisdiction of the district court because it did not specifically allege two prior convictions. *See Nelson*, 178 Mont. at 283, 583 P.2d at 436-37. This Court rejected the argument noting that the affidavit filed in support of the information clearly stated that the defendant's driving record indicated " 'two previous driving while intoxicated convictions.' " *Nelson*, 178 Mont. at 283-84, 583 P.2d at 437. The Court held, "[r]eference to the affidavit filed is clearly permissible." *Nelson*, 178 Mont. at 284, 583 P.2d at 437. The information, in combination with the supporting affidavit was sufficient to give jurisdiction to the district court. *Nelson*, 178 Mont. at 284, 583 P.2d at 437.

13. ¶ In the case at hand, the Information expressly charged Not Afraid with felony DUI and the affidavit in support of the Information clearly stated, "[s]ubsequent investigation revealed the Defendant had three or more prior DUI or per se convictions." We hold that the District Court did not err in denying the motions to dismiss.

14. ¶ 2.  Whether the 1995 amendment which made fourth offense DUI a felony was enacted prior to Not Afraid's fourth DUI offense and was thus applied retroactively.

15. ¶ In 1995, the Montana Legislature amended the laws pertaining to driving while intoxicated and created a felony sanction for fourth or subsequent offense DUI. *See* § 61-8-714(4), MCA (1995). The amendment which made fourth or subsequent DUI a felony offense became effective on October 1, 1995. Not Afraid committed her fourth DUI offense on or about December 20, 1995, after the effective date of the

amendment. Accordingly, the law was not applied retroactively.

¶ 3. Whether the 1995 amendment which made fourth offense DUI a felony violated the prohibition against ex post facto legislation.

¶ Not Afraid argues that the amendment which made her fourth DUI a felony violates the constitutional prohibition against ex post facto legislation. We addressed this argument in State v. Brander (1996), 280 Mont. 148, 930 P.2d 31. In *Brander*, we held that the application of the 1995 amendments did not violate the ex post facto clauses of the Montana Constitution and United States Constitution. *Brander*, 280 Mont. at 154-55, 930 P.2d at 35. That decision was reaffirmed in State v. Pratt (1997), 286 Mont. 156, 951 P.2d 37. We noted in *Pratt* that the legislature enacted the felony DUI statute to punish repetitive behavior more severely rather than to punish defendants for prior convictions. *Pratt*, 286 Mont. at 170, 951 P.2d at 45. Those decisions are dispositive of Not Afraid's contentions in the present appeal. We conclude that the felony DUI statute is not ex post facto legislation.

¶ The convictions are affirmed.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ J. A. TURNAGE

/S/ JAMES C. NELSON

/S/ JIM REGNIER

/S/ KARLA M. GRAY