No. 00-277

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 315N

FRANK S. VAN DER HULE,

Petitioner and Respondent,

v.

STATE OF MONTANA.

Respondent and Appellant.

APPEAL FROM: District Court of the Eighteenth Judicial District,

In and for the County of Gallatin,

The Honorable Thomas A. Olson, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Joseph P. Mazurek, Montana Attorney General, Clay R. Smith, Solicitor, Helena, Montana

For Respondent:

Frank S. Van der hule, Three Forks, Montana (*pro se*)

Submitted on Briefs: October 26, 2000
Decided: December 31, 2001

Filed:

_____

Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. The decision shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 The State appeals the restraining order granted by the Eighteenth Judicial District Court, Gallatin County, prohibiting the inclusion or public posting of Frank S. Van der hule's name and approximate address on the county's sex offender register. We reverse and remand.

¶3 On December 7, 1983, Frank S. Van der hule was convicted in Deer Lodge County and sentenced to 20 years on one count of sexual assault and 25 years on four counts of sexual intercourse without consent. The sentences ran concurrently and Van der hule was paroled on March 29, 1993. Van der hule states that he received no notice from officials at the Montana State Prison directing him to register as a sexual offender under the provisions of the Sexual Offender Registration Act (§ 46-23-501, et seq., MCA (1989)). Throughout his period of parole, Van der hule never registered, and asserts his parole officer assured him that he was not required to register. Van der hule completed his sentence on May 20, 1996.

¶4 In July 1999, Van der hule, then a resident of Bozeman received written notice from the Department of Justice directing him to update his sexual offender registration by verifying his address and submitting fingerprints, a current photograph and a signed statement about his criminal history. Van der hule did not comply. He filed a petition to restrain law enforcement officials from including him on Gallatin County's roster of sexual and violent offenders. A hearing was held on October 20, 1999, at which Van der hule appeared *pro se*. On February 8, 2000, the District Court ordered the State to remove Van der hule's name from the sexual offender register and all public postings.

¶5 The District Court acknowledged that Van der hule fell within the class of persons explicitly subject to the 1997 amendments to the Sexual and Violent Offenders Registration Act, which applied more exacting registration requirements retroactively to "sexual offenders who are sentenced or who are in the custody or under the supervision of the department of corrections on or after July 1, 1989." Sec. 18, Ch. 375, L. 1997. Van der hule was a convicted sexual offender in custody at the Montana State Prison on July 1, 1989, and under state supervision until May 20, 1996. However, the court observed that "by the time the Legislature got around to making the law retroactive" in 1997, Van der hule had discharged his sentence and had his full civil rights restored. The court concluded that the Act did not apply to Van der hule.

¶6 The issue raised on appeal is whether the District Court erred in placing Van der hule beyond the reach of the Sexual and Violent Offenders Registration Act. Our standard of review is plenary when we must determine whether the district court's conclusions of law are correct as a matter of law. *State v. Alexander* (1994), 265 Mont. 192, 204, 875 P.2d 345, 352.

¶7 Van der hule argues that he achieved constitutional protection from the authority of the Sexual and Violent Offender Registration Act when he completed his sentence on May 20, 1996. Van der hule does not challenge the Sexual and Violent Offenders Registration Act on the basis of *ex post facto* or double jeopardy prohibitions, although the State offers extensive arguments in defense of such facial challenges. Instead, he cites the guarantee of Article II, Section 28(2) of the Montana Constitution, which states: "Full rights are restored by termination of state supervision for any offense against the state." The restored right Van der hule asserts would be unconstitutionally violated by registration and public notification under the Act is his right to privacy. Because Van der hule raises a narrow, "as applied" constitutional challenge, a review of the statutory history of sexual offender registration in Montana provides a useful context for evaluating his claim.

¶8 At the time of Van der hule's release from prison on March 29, 1993, the Sexual Offender Registration Act, as it was then named, had been in effect for almost four years. Sec. 1-13, Ch. 293, L. 1989 (codified at §§ 46-18-254, -255 and 46-23-501 to -507, MCA (1989)). A plain reading of the Sexual Offender Registration Act leads to the conclusion that Van der hule came under its authority upon enactment in 1989. Briefly stated, the Act directed the warden of the Montana State Prison to notify all sexual offenders in writing of their duty to maintain registration with local law enforcement agencies after their release. Sections 46-18-254 and 46-23-503, MCA (1989). The Act defined a sexual offender as "a

person who has been convicted of a sexual offense." Section 46-23-502(2), MCA (1989). The definition of a sexual offense explicitly included the two sexual crimes for which Van der hule received convictions: sexual assault under § 45-5-502(3), MCA, and sexual intercourse without consent under § 45-5-503, MCA Section 46-23-502(3)(a), MCA (1989).

¶9 Van der hule claims he received no written notice upon his release from prison in 1993. While the alleged lack of notice may raise a due process concern, Van der hule's persistent noncompliance does not eradicate his legal duty to register as a sexual offender under the provisions of the Act.

¶10 The Legislature encompassed violent offenders under the renamed Sexual and Violent Offenders Registration Act in 1995. Sec. 5, Ch. 407, L. 1995. The amendments assigned registration costs to the offender and increased penalties for knowing failure to register from 90 days imprisonment and a $250 fine, to five years imprisonment and a $10,000 fine. Sections 46-23-504(3) and 46-23-507, MCA (1995). Lifetime registration was required for all convicted sexual and violent offenders, and a new provision gave certain offenders an opportunity to seek judicial relief from the duty to register after ten years. Sections 46-23-506(1) and (2), MCA (1995).

¶11 In 1997, the Legislature again amended the Sexual or Violent Offenders Registration Act, and advanced a preamble clarifying its intent to protect public safety and prevent victimization by warning communities of the presence of convicted sexual or violent offenders and assisting law enforcement in apprehending repeat offenders. Ch. 375, Preamble, L. 1997. New statutory provisions keyed public disclosure of specific personal data about the offender to three designated levels of risk to the community. Section 46-23-508, MCA (1997). The Act required a professional evaluation be prepared prior to the assignment of a recidivism risk level to a sexual offender by the sentencing court. Section 46-23-509, MCA (1997). As noted above, the Legislature explicitly applied the provisions of the revised Act retroactively. Sec. 18, Ch. 375, L. 1997. Subsequent changes to the Act clarified the State's responsibilities for gathering information, providing public notice of the presence of offenders in communities, and initiating public safety educational programs. *See* Secs. 1-7, Ch. 227, L. 1999 and Secs. 1-12, Ch. 222, L. 2001.

¶12 Van der hule raises a constitutional challenge to the retroactive application of the statutory provisions for lifetime registration, harsher penalties for noncompliance, establishment of a recidivism risk level and enhanced public notice. Basing his argument

on Article II, Section 28(2) of the Montana Constitution, Van der hule contends that restoration of his "full rights" on May 20, 1996, prohibits retroactive application of a statute that is punitive and impinges upon his right to privacy. He asserts the spirit of the constitutional provision is embodied at § 46-18-801(2), MCA, which reads,

> Except as provided in the Montana constitution, if a person has been deprived of a civil or constitutional right by reason of conviction for an offense and the person's sentence has expired or the person has been pardoned, the person is restored to all civil rights and full citizenship, the same as if the conviction had not occurred.

¶13 In construing both constitutional and statutory provisions, an interpretation that achieves a reasonable result is favored. *State v. Gafford* (1977), 172 Mont. 380, 389, 563 P.2d 1129, 1134 (citations omitted). We have consistently held that after termination of state supervision, a prior felony conviction may still adversely impact a person's life without abrogating the intent of Article II, Section 28, to restore the "full rights" of the convicted person. *See State v. Sanders* (1984), 208 Mont. 283, 676 P.2d 1312 (upholding enhanced sentencing due to prior felony conviction)*; State v. Radi* (1978), 176 Mont. 451, 578 P.2d 1169 (upholding persistent felony offender statute); *State v. Maldonado* (1978), 176 Mont. 322, 578 P.2d 296; and *State v. Gafford*, (1977), 172 Mont. 380, 563 P.2d 1129 (allowing impeachment of witness with prior felony conviction). In *Gafford*, we characterized the restoration of the "full rights" provided by Article II, Section 28, as follows:

> In our view the constitutional provision refers to those rights commonly considered political and civil rights incident to citizenship such as the right to vote, the right to hold public office, the right to serve as a juror in our courts and the panoply of rights possessed by all citizens under the laws of the land. It has no reference to an individual's characteristics, record, or previous conduct demonstrated by a prior felony conviction.

*Gafford,* 172 Mont. at 189-90, 563 P.2d at 1134. This interpretation is consistent with the proceedings of the 1972 Constitutional Convention, which reference "full rights" as entailing "all civil and political rights." Montana Constitutional Convention, Verbatim Transcript, March 9, 1972, p. 1800-01. The Bill of Rights Committee reported their intention to the Convention with the following specificity:

> [T]he committee recommends that once a person who has been convicted has served

his sentence and is no longer under state supervision, he should be entitled to the restoration of all civil and political rights, including the right to vote, hold public office and enter occupations which require state licensing.

Montana Constitutional Convention, Committee Reports, February 22, 1972, p. 643.

¶14 In summary, Article II, Section 28 of the Montana Constitution and § 46-18-801(2), MCA, afford an offender who has served his sentence a fair opportunity to share in the civil and political rights enjoyed by all law-abiding citizens. However, neither provision grants a prior offender immunity nor expunges a criminal record. Therefore, we hold that Van der hule's convictions for multiple sexual offenses and his incarceration at the time sexual offender registration was enacted by the Montana Legislature in 1989 place him under the authority of the registration statutes, §§ 46-23-501, MCA, et. seq., as well as the subsequent, retroactively applied amendments to the Sexual and Violent Offenders Registration Act.

¶15 Reversed and remanded.

/S/ JAMES C. NELSON

We Concur:

/S/ KARLA M. GRAY

/S/ JIM REGNIER

/S/ W. WILLIAM LEAPHART

Justice Terry N. Trieweiler dissenting.

¶16 I dissent from the majority opinion.

¶17 While I appreciate that the opinion cannot be cited as precedent, it nevertheless does finally resolve important constitutional rights claimed by Frank S. Van Der Hule. I do not believe those issues should have been resolved based on Van Der Hule's pro se appearance in the District Court and again in this Court. Counsel should have been appointed to represent him and a decision made only after an informed discussion of the issues in the true tradition of the adversarial process.

¶18 However, even without the benefit of arguments by trained counsel, it is apparent that at least Van Der Hule's right guaranteed by Article II, Section 28, Mont. Const., has been violated. That provision guarantees that "(2) Full rights are restored by termination of state supervision for any offense against the state." Van Der Hule's supervision for his offenses against the State was terminated on May 20, 1996. Section 46-18-801, MCA (1995), which was in effect at that time provided in relevant part that:

> Except as provided in the Montana Constitution, if a person has been deprived of a civil or constitutional right by reason of conviction for an offense and then the person's sentence has expired or the person has been pardoned, the person is restored to all civil rights and full citizenship, the same as if the conviction had not occurred.

¶19 One of the constitutional rights of which Van Der Hule was deprived by reason of his conviction was his right to privacy. Article II, Section 10, Mont. Const., provides that: "The right of individual privacy is essential to the well being of a free society and shall not be infringed without the showing of a compelling state interest."

¶20 Notwithstanding this Court's decision in *State v. Gafford* (1997), 172 Mont. 380, 563 P.2d 1129, there is no way to interpret the plain language of Article II, Section 28, so that it does not include those rights found in Montana's Bill of Rights, including the right to privacy. Furthermore, because the language of Article II, Section 28, is clear, there is no reason to resort to extraneous sources of interpretation, such as minutes of the Constitutional Convention, in order to construe those words in a manner other than their straightforward application requires.

¶21 Finally, even if *State v. Gafford* had been decided correctly (and I conclude that it was not), it is distinguishable from the facts in this case. Van Der Hule is not asking that his conviction be stricken as a matter of public record. He is simply asking that his privacy not be further invaded retroactively by registration and public posting requirements after he has discharged his sentence.

¶22 Without regard to whether the 1989 provisions of the Sex Offender Registration Act applied to Van Der Hule, the 1997 amendments clearly constituted a further and substantial invasion of his right to privacy following the discharge of his sentence and the total restoration of his constitutional right to privacy. Therefore, I would conclude that the

1997 amendments at issue in this case cannot be constitutionally applied to him.

¶23 I also believe that there are serious questions about whether the Sex Offender Registration Act violates Article II, Sections 25 and 31, of the Montana Constitution which protect against double jeopardy and ex post facto laws. However, since those provisions were not the basis for the District Court's decision nor the majority's opinion and since I conclude that Article II, Section 28, is a sufficient basis for affirming the District Court, their discussion can await another day.

/S/ TERRY N. TRIEWEILER